WILLIAMS ET AL., APPELLANTS, *v.* GLEN MANOR HOME FOR JEWISH AGED, INC., APPELLEE.

(No. C-850181 — Decided June 25, 1986.)

*Michael J. Mooney,* for appellants.

*Paxton & Seasongood, Donald B. Hordes* and *Deborah DeLong,* for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

Plaintiffs-appellants, Bernice Williams and Eunice Edwards, appeal from a judgment of dismissal entered by the municipal court in favor of defendant-appellee, the Glen Manor Home For Jewish Aged. In its entry granting appellee's motion to dismiss, the trial court found that appellants lacked standing to institute the action and that they had failed to state a claim upon which relief could be granted. In their single assignment of error, appellants contend that the trial court erred in granting appellee's motion to dismiss. We will address appellants' assignment of error following a discussion of the unusual procedural posture of this case.

On September 11, 1984, appellants filed this action charging appellee with violating the Fair Housing Act of 1968, Section 3601 *et seq.,* Title 42, U.S. Code. In their complaint, appellants alleged: that they are black citizens; that their sister, Wilma Williams, was in need of nursing home care; that they contacted appellee and completed an application for admission in an effort to place Wilma in appellee's nursing home; that on March 15, 1984, they attended a meeting at the nursing home with appellee's Executive Vice-President, Donald Morris, who advised them that in his opinion, Wilma would not fit in with the other residents due to "cultural" differences; that Morris told them that the nursing home had an all-white population, some of whom were bigots who would not accept Wilma and that the nursing home's staff would not be able to change the racist attitudes held by some of the residents; that Morris informed appellants that the nursing home could make a room available for Wilma; that a few days after this meeting, appellants were contacted by appellee and offered a room at the nursing home for Wilma; and that appellants refused appellee's offer, due to the negative attitude expressed by Morris toward Wilma. Each appellant demanded compensatory damages of $9,000 and punitive damages of $1,000, as well as attorney fees under Section 3612, Title 42, U.S. Code. Appellants did not seek injunctive relief in any form.

In its answer, appellee denied the material allegations of the complaint. On December 21, 1984, appellee filed a motion to dismiss the complaint, pursuant to Civ. R. 12(B)(6), on the grounds that appellants had failed to state a claim upon which relief could be granted, and that appellants lacked standing to bring the action under the Fair Housing Act of 1968. On January 3, 1985, appellants filed a motion to amend the monetary amount of their original demand for judgment pursuant to Civ. R. 54(C), from $10,000 per plaintiff to $100,000 per plaintiff. Attached to their motion was a copy of the proposed first amended complaint. On the following day, appellants filed their memorandum in opposition to appellee's motion to dismiss the complaint.

Appellee vigorously opposed the motion to amend the monetary amount of

the complaint's demand for judgment.[1] Nevertheless, appellants filed their first amended complaint in the municipal court on February 19, 1985. On February 15, 1985, the court sent to all counsel of record an entry granting appellants' motion to amend their complaint and transferring the case to the Hamilton County Court of Common Pleas. Although the entry was signed, approved and filed for journalization by the trial judge, it was never formally journalized.[2]

On February 21, 1985, the court placed an entry of record "vacat[ing] the granting of plaintiffs' motion to amend the complaint and transferring the case to the Hamilton County Court of Common Pleas." The court scheduled a hearing on appellee's motion to dismiss and appellants' motion to amend for March 7, 1985. At the conclusion of this hearing, the court granted appellee's motion to dismiss the complaint for lack of standing and for failure to state a claim upon which relief could be granted. From this judgment, appellants timely filed the instant appeal.

As pointed out in footnote 2, *supra,* when this case was initially argued on appeal, the parties informed us about the enigmatic state of the record, *viz.,* the absence of the trial court's February 15, 1985 entry from the record. We remanded the cause for diminution of the record to resolve the question whether the municipal court had jurisdiction to dismiss the complaint, if *indeed* it had previously granted appellants' motion to amend and certified the case to the court of common pleas. In response to our order remanding the cause for diminution of the record, the lower court journalized the following entry:

"This matter having come on for hearing by this Court, following the January 24, 1986 Entry of Remand by the First Appellate District Court of Appeals,

"WHEREAS, this Court drew up an Entry on February 15, 1985 indicating its initial inclination to grant Plaintiffs' Motion to Amend Complaint and transfer the case out of the court's jurisdiction and into the Court of Common Pleas, and

"WHEREAS, very shortly thereafter, this Court having had an opportunity to reconsider the arguments of both sides, including defendant's supplemental memorandum of law which was received by the Court shortly after drawing up its February 15, 1985 Entry, the Court changed its mind, declined to journalize that Entry, decided to retain jurisdiction over the case and hold a hearing on Plaintiffs' Motion to Amend and Defendant's Motion to Dismiss Plaintiffs' Complaint, and

---

[1] Appellee argued that appellants' attempt automatically to deprive the court of jurisdiction to decide the case was nothing more than a blatant exercise of forum shopping. In support of this argument, appellee attached to its memorandum contra an affidavit by one of its lawyers, stating that appellants' counsel had informed their attorney by telephone in December 1984 of his intent to amend the complaint to an amount which exceeded the court's jurisdiction. In the affidavit, appellee's lawyer stated that appellants' attorney "explained to [him] that he had originally filed his suit on behalf of plaintiffs in Municipal Court in the hopes of obtaining a trial before a judge whose racial makeup would render him more sympathetic to plaintiffs' case [and that] since he was unable to obtain such a judge * * * he no longer wanted to litigate the case in Municipal Court * * *."

[2] The parties have provided us with copies of this entry. The original entry itself is not in the record. On January 28, 1986, we remanded the cause for diminution of the record, pursuant to App. R. 9(E), in order to resolve and clarify the actual state of the record.

"WHEREAS, pursuant thereto, this Court on February 19, 1985 drew up a second Entry vacating the Entry drawn up on February 15, 1985, and scheduling a hearing on both Motions and filed this second Entry with the Clerk for journalization, and

"WHEREAS, this Court regards the earlier unjournalized February 15, 1985 Entry as a complete nullity inasmuch as the sentiments stated therein never represented the final decision of the Court in this matter, and

"WHEREAS, this Court having retained jurisdiction over this case, having heard oral argument on March 7, 1985, and having considered all briefs and memoranda filed by both sides, decided, on March 7, 1985, to grant Defendant's Motion to Dismiss Plaintiffs' Complaint in its entirety on the basis of lack of standing and failure to state a cause of action.

"IT IS HEREBY ORDERED, that the record in this case be diminished by striking from the later February 19, 1985 Entry *nunc pro tunc* all reference to the earlier granting of Plaintiffs' Motion to Amend Complaint and the transferring of this case to the Court of Common Pleas. This second Entry dated February 19, 1985 should only be read as ordering a hearing on Defendant's Motion to Dismiss Plaintiffs' Complaint and Plaintiffs' Motion to Amend Complaint."

In support of their single assignment of error, appellants argue that: (1) the trial court deprived itself of jurisdiction to dismiss the complaint after it granted the motion to amend and certified the cause to the court of common pleas because the amount in controversy exceeded $10,000; (2) if, in the alternative, the court denied the motion to amend the complaint, it erred in doing so, because under Civ. R. 54(C), a court lacks the discretion to deny a timely filed motion to amend the monetary amount of a complaint's demand for judgment; (3) they had standing to sue appellee for the alleged deprivation of Wilma's rights because they too had suffered "genuine injuries"; and (4) they had properly stated a claim upon which relief could be granted under the Fair Housing Act of 1968, Section 3601 *et seq.*, Title 42, U.S. Code, because appellee had "discouraged" their sister Wilma from becoming a resident at the nursing home because of her race. We will address appellants' contentions *seriatim.*

We reject appellants' contention that the trial court surrendered the requisite jurisdiction to dismiss their complaint after it granted the motion to amend and certified the cause to the court of common pleas. As the court's entry on remand makes clear, the court never journalized the February 15, 1985 entry which initially granted the motion to amend. Although the entry was mailed to all of the attorneys who were involved in the case, it was never journalized in the record. It is established law that a court speaks only through its journal. *State, ex rel. Indus. Comm.,* v. *Day* (1940), 136 Ohio St. 477 [17 O.O. 86]. Moreover, "[a] judgment is effective only when filed with the clerk for journalization." Civ. R. 58. As a result, the motion to amend was never legally granted and the February 15 entry was not effective. It follows that, thus far, the court retained jurisdiction to rule on appellee's motion to dismiss.

Appellants' next contention is that the municipal court erred by *not* granting their motion to amend the monetary amount of their demand for judgment, pursuant to Civ. R. 54(C), from $10,000 per plaintiff to $100,000 per plaintiff. Appellants argue that a court lacks discretion to deny a timely filed motion to amend the monetary amount of a complaint's demand for judgment. Appellants insist that since the court lacked the discretion to overrule the motion to amend, it was required by Civ.

R. 54(C) to *grant* the motion and to *certify* the case to the court of common pleas because the amount in controversy exceeded $10,000 per plaintiff. Thus, appellants argue that once they filed their amended complaint, the court lacked the necessary jurisdiction to grant appellee's motion to dismiss their complaint, pursuant to Civ. R. 12(B)(6). We must agree.

The General Assembly alone has the authority to create the jurisdictional powers of municipal courts. *State, ex rel. Ramey,* v. *Davis* (1929), 119 Ohio St. 596. With respect to a municipal court's monetary jurisdiction, the General Assembly has provided that "[a] municipal court shall have original jurisdiction only in those cases where the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed ten thousand dollars." R.C. 1901.17. As a general rule, a municipal court simply may not decide a case which contains a claim for damages in excess of $10,000. *State, ex rel. Safeco Ins. Co.,* v. *Kornowski* (1974), 40 Ohio St. 2d 20 [69 O.O. 2d 90]; but, cf. *Behrle* v. *Beam* (1983), 6 Ohio St. 3d 41.

The question of a municipal court's jurisdiction to decide a case normally arises when counterclaims or cross-claims are filed for monetary amounts which exceed $10,000. Under Civ. R. 13(J), whenever "a counterclaim, cross-claim, or third-party claim exceeds the jurisdiction of the court, the court shall certify the proceedings in the case to the court of common pleas." Case law indicates that whenever a defendant files a counterclaim which contains a demand for judgment in excess of $10,000, and which complies with Civ. R. 8(A),[3] the

municipal court must certify the proceedings to the court of common pleas. *Easy Living, Inc.* v. *Davis* (Apr. 17, 1985), Hamilton App. No. C-840401, unreported; *Hersch* v. *Debreczeni* (1973), 33 Ohio App. 2d 235 [62 O.O. 2d 349]; but, cf. *Toth* v. *Klein* (M.C. 1971), 27 Ohio Misc. 37 [56 O.O. 2d 236].

However, in this case it was appellants who sought to deprive the court of jurisdiction by filing a motion to amend their complaint to increase their demand for judgment beyond $10,000. Appellants rely on Civ. R. 54(C), which provides in pertinent part:

" * * * [A] demand for judgment which seeks a judgment for money shall limit the claimant to the sum claimed in the demand unless he amends his demand not later than seven days before the commencement of the trial. Additional service of process is not necessary upon such amendment."

It is undisputed that appellants' motion to amend their complaint, as well as the amended complaint itself, was filed more than seven days before trial. Although the motion and the amended complaint were timely filed under Civ. R. 54(C), appellee nevertheless argues that the trial court had the discretion to refuse appellants' attempt to amend. Appellee relies on Civ. R. 15(A), which provides in pertinent part:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by

---

[3] Civ. R. 8(A) provides:

"A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * * "

It is clear that both Civ. R. 15(A) and Civ. R. 54(C) deal with amendments to pleadings. However, the two rules are inconsistent in that Civ. R. 15(A) provides that unless the amendment is made before a responsive pleading is served or within twenty-eight days after service of a pleading to which no responsive pleading is permitted, it must have court approval or the other party's consent to be effective; on the other hand, Civ. R. 54(C) permits amendment not later than seven days before trial and makes no requirement for either court approval or party consent. In *Fulton* v. *Aszman* (1982), 4 Ohio App. 3d 64, the court resolved this inconsistency by reasoning that Civ. R. 15(A) deals with amendments generally, while Civ. R. 54(C) applies only to amendments of the money demand for relief. The *Fulton* court, at 75, reached the following conclusion:

"We hold, therefore, that Civ. R. 54(C), applying only to amendments of the demand is an exception to the court approval or party consent provisions of Civ. R. 15(A). Since Civ. R. 54(C) makes no provision either for court approval or party consent, as long as the amendment is made not later than seven days before trial, the demand as such may be amended, *pro forma,* and neither court consent nor opposing party approval is a prerequisite to its effectiveness."

Appellee maintains that *Hambleton* v. *R.G. Barry Corp.* (1984), 12 Ohio St. 3d 179, stands for the proposition that a party who seeks to amend his money demand for judgment after a responsive pleading has been served must obtain court approval or written consent of the adverse party. We disagree. In *Hambleton,* the plaintiffs filed a motion to amend their complaint by adding to their prayer for relief a request for $10,000,000 in damages five months

prior to trial. Since the plaintiffs wanted to amend their complaint to assert a specific claim for damages, the Supreme Court held that the trial court abused its discretion, under Civ. R. 15(A), in not permitting the amendment. The court reasoned that permitting the amendment would not prejudice the defendant in terms of delay since the trial date was five months away, and because the amendment did not add to or change the plaintiffs' cause of action.

The instant case differs from *Hambleton* in that appellants were not adding a request for money damages to their prayer for relief. Rather, they were seeking to increase their original monetary demand to an amount in excess of $10,000. Moreover, appellants did not seek to add to or change their cause of action. Since their amended complaint was filed more than seven days before trial, we believe that the trial court was obligated to accept it.

We conclude that under the facts and circumstances of this case, the trial court erred in not permitting appellants to amend their complaint under Civ. R. 54(C). The amended complaint was effective on February 19, 1985, the day it was filed, and neither court approval nor written consent of the adverse party was a prerequisite to its effectiveness. From that day forward, the municipal court was without jurisdiction to determine the case. Since the amended complaint conformed with the liberal requirements of Civ. R. 8(A), the court was obligated to certify the case to the court of common pleas. It necessarily follows that the municipal court was without the requisite jurisdiction to grant, on March 7, 1985, appellee's motion to dismiss pursuant to Civ. R. 12(B)(6).

In view of our determination that the trial court lacked jurisdiction to grant the motion to dismiss, we find it unnecessary to determine appellants' contentions that they had standing to

sue appellee, and that they successfully stated a claim for damages under the Fair Housing Act of 1968. We are unable to pass judgment upon those issues unless and until they are finally adjudicated by a court of competent jurisdiction. Regardless, appellants' assignment of error is sustained.

Accordingly, the trial court erred in granting appellee's motion to dismiss. The judgment is reversed and the cause is remanded to the municipal court with instructions to certify the cause to the court of common pleas for further proceedings consistent with law and with this decision.

*Judgment reversed and cause remanded.*

DOAN, P.J., KEEFE and KLUSMEIER, JJ., concur.