OPINION
{¶ 1} Defendant-appellant, James Ryerson, appeals from his conviction and sentence in the Butler County Common Pleas Court on one count of importuning, following his no contest plea to that charge.
 {¶ 2} On June 19, 2002, Hamilton City Police Detective Mark Hayes entered an Internet "chat-room" posing as a 15-year-old girl named "Brooke." "Brooke" drew the attention of appellant, then age 49, who was using the screen name, "daddy00000_4girl." Appellant began a conversation with "Brooke," and the two subsequently entered a private forum where they began "instant messaging" each other.
 {¶ 3} Appellant "chatted" with "Brooke" six times between June 19, 2002 and June 26, 2002. On June 26, 2002, they arranged to meet at a restaurant in Hamilton, Ohio. Appellant arrived at the restaurant at the designated time, stayed there a short while, and then traveled to a nearby gas station. Detective Hayes, who had been watching appellant from his squad car, followed him into the gas station. There, he arrested appellant and transported him to the police department.
 {¶ 4} On August 28, 2002, appellant was indicted on one count of attempted unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A) and 2923.02(A) ("count one"), and one count of importuning, in violation of former R.C. 2907.07(E)(2), now (D)(2)[1] ("count two"). Following his indictment, appellant filed several motions seeking to have both counts in the indictment dismissed on various constitutional and statutory grounds. Initially, he moved to have both charges dismissed on the grounds that R.C. 2907.04(A) and former R.C. 2907.07(E)(2) are unconstitutional on their face and as applied. He also moved to have the charges dismissed on the basis that the police officers investigating his case had engaged in "outrageous governmental conduct." In several other motions, he argued that he could not be indicted on both charges because there was no separate animus for each offense. He also moved to have any statements he made while in police custody suppressed from evidence on grounds that they were made involuntarily.
 {¶ 5} On March 26, 2003, appellant agreed to change his plea to the importuning charge from "not guilty" to "no contest," in exchange for the state's agreeing to dismiss the charge of attempted sexual conduct with a minor. It was also agreed that the prosecutor would "stand silent on sentencing"; however, it was stipulated that the police officer involved in the case would "make a specific recommendation to the court for community control sanctions to be imposed in this case as opposed to prison." After the prosecutor outlined the terms of the parties' plea agreement, the following exchange took place between the trial court and defense counsel:
 {¶ 6} "THE COURT: So the defendant is withdrawing the — withdrawing his — all of his motions?
 {¶ 7} "[DEFENSE COUNSEL]: Your Honor, he's pleading no contest to the charge. He's knowing (sic) that will moot the motions in the trial court.
 {¶ 8} "THE COURT: Realizing, of course, the Court has not ruled on those motions which, I believe, many courts consider the trial court not ruling on the motion is akin to a denial of the motion.
 {¶ 9} "[DEFENSE COUNSEL]: Correct. He understands that by doing this, it's the same as the Court overruling all of his motions, if I understand the law correctly.
 {¶ 10} "We don't anticipate there being an appeal, but I cannot waive his rights to that under these circumstances in accepting a no contest plea.
 {¶ 11} "THE COURT: All right. And if the Court has not ruled on the motion specifically, does he still have the right to appeal it?
 {¶ 12} "[DEFENSE COUNSEL]: Well, that's a good question, Your Honor. I think that the Court will consider it to be overruled because you would not be able to take — I don't think you could take the plea without some basis in the record for finding him guilty, which you may find. You can consider the motions filed, and inherently overrule them whenever you find him guilty on the no contest plea.
 {¶ 13} "I don't think that you have to actually have the ruling on it.
 {¶ 14} "THE COURT: Very good. That's the advice that you have given to your client and rely upon that to go forward today."
 {¶ 15} Shortly thereafter, appellant was advised by his defense counsel, in open court, as follows:
 {¶ 16} "[DEFENSE COUNSEL]: You understand that you may not have the right to appeal, motions to dismiss, motion to suppress or anything else here by entering the no contest plea, and would that be fair?
 {¶ 17} "THE COURT: Mr. Ryerson, you indicated yes to that?
 {¶ 18} "THE DEFENDANT: Yes."
 {¶ 19} While informing him of the consequences of his no contest plea, the trial court made the following statements to appellant:
 {¶ 20} "Instead of sentencing you to prison, you could be placed under community control sanctions for a period of up to five years. And the community control sanctions could include up to six months of local incarceration, local jail time, for example, or CCC, a community correction center, but it would be a lock-down facility under those circumstances.
 {¶ 21} "I just wanted you to understand that just because you are getting community control, it's not straight probation-type conditions. Do you understand that?
 {¶ 22} "THE DEFENDANT: Yes, sir.
 {¶ 23} "THE COURT: It could include a component of jail, incarceration. Do you understand that?
 {¶ 24} "THE DEFENDANT: Yes, Your Honor.
 {¶ 25} "THE COURT: All right. Has someone promised you anything other than that?
 {¶ 26} "THE DEFENDANT: No, Your Honor."
 {¶ 27} At the conclusion of the change of plea hearing, the trial court accepted appellant's no contest plea to count two of the indictment, and found him guilty of importuning. The trial court "permit[ted]" the state to enter a nolle prosequi as to count one of the indictment. The trial court scheduled the matter for sentencing on May 29, 2003.
 {¶ 28} Appellant subsequently moved to withdraw his no contest plea prior to sentencing. The trial court overruled this motion after holding a hearing on it. The trial court then found appellant to be a sexually-oriented offender, and sentenced him to serve five years community control. As part of his sentence, the trial court ordered appellant to serve 120 days in the Butler County jail, and complete 250 hours of community service.
 {¶ 29} Appellant now appeals from his conviction and sentence for importuning, and raises the following assignments of error:
 {¶ 30} Assignment of Error No. 1:
 {¶ 31} "The indictment violates the due process clause of thefourteenth amendment of the united states constitution and Article I, section 10 of the Ohio Constitution due to the vagueness of the statutory language."
 {¶ 32} Assignment of Error No. 2:
 {¶ 33} "The provisions of R.C. 2907.07 violate thefirst amendment and are therefore void and unenforceable."
 {¶ 34} Assignment of Error No. 3:
 {¶ 35} "The statutes are unconstitutional as applied to the facts of this case."
 {¶ 36} Assignment of Error No. 4:
 {¶ 37} "The conduct of the police constituted entrapment/unreasonable conduct as a matter of law and under the indisputable facts of this case, PER SE (emphasis sic), requiring dismissal."
 {¶ 38} Assignment of Error No. 5:
 {¶ 39} "The charges could not be maintained as there existed no corpus delecti and any proposed necessary elements of the crime were supplied by the police, themselves."
 {¶ 40} Assignment of Error No. 6:
 {¶ 41} "The statute violates due process by removing the affirmative defenses to which the appellant would otherwise be entitled and allowing the state's arbitrary choice of a phantom age to determine the degree of the crime."
 {¶ 42} Assignment of Error No. 7:
 {¶ 43} "All evidence, including verbal statements, had to be suppressed."
 {¶ 44} Assignment of Error No. 8:
 {¶ 45} "Counts I and II were multiple charges of the same crime since they involved the same conduct, same animus, and substantially the same elements (except for an adult police officer posing as a minor, who was also an adult police officer.)"
 {¶ 46} Assignment of Error No. 9:
 {¶ 47} "The appellant was improperly denied his right to withdraw his no contest plea that was made prior to his sentencing."
 {¶ 48} Before addressing appellant's assignments of error, we must first address the state's claim that appellant has waived all but his third, fifth and ninth assignments of error by withdrawing his pretrial motions at the time he entered his no contest plea. The state argues that because appellant withdrew his pretrial motions before the trial court could rule on them, "there is nothing for this court to review."
 {¶ 49} Initially, appellant failed to properly preserve most of the issues he is now raising on appeal. Crim.R. 12(C) allows a party to raise in a pretrial motion "any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." Crim.R. 12(C) also lists matters that must be raised prior to trial, including "[d]efenses and objections based on defects in the indictment," Crim.R. 12(B)(2), and "[m]otions to suppress evidence, including but not limited to statements and identification testimony, on the ground that it was illegally obtained." Crim.R. 12(B)(3).[2] Crim.R. 12(I) provides that "[t]he plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence."
 {¶ 50} As a general rule, appellate courts will not consider any error not called to the trial court's attention at a time when it could have been avoided or corrected. State v. 1981Dodge Ram Van (1988), 36 Ohio St.3d 168, 170. Constitutional rights may be lost as finally as any other by a failure to assert them in a timely manner. Id.
 {¶ 51} Here, appellant filed several pretrial motions, raising numerous constitutional and statutory objections to the charges against him. Had he simply allowed the trial court to rule on his motions before tendering his no contest plea, he would have preserved these issues for appellate review, pursuant to Crim.R. 12(I). But appellant tendered his no contest plea before the trial court had issued a ruling on any of his numerous pretrial motions. At the March 26, 2003 change of plea hearing, both the trial court and defense counsel stated that it was their understanding that any motion on which a trial court fails to rule is deemed to have been overruled. As a result, the trial court and defense counsel were of the view that the trial court's failure to rule on the motions would be treated as if the trial court had overruled all of those motions.
 {¶ 52} Neither the trial court nor defense counsel cited any case law in support of this proposition. The Ohio Supreme Court has stated that "when a trial court fails to rule on a pretrial motion, it may ordinarily be presumed that the court overruled it." State ex rel. The V Cos. v. Marshall, 81 Ohio St.3d 467,469, 1998-Ohio-329, citing State ex rel. Cassels v. Dayton CitySchool Dist. Bd. of Edn., 69 Ohio St.3d 217, 223, 1994-Ohio-92, and Newman v. Al Castrucci Ford Sales (1988),54 Ohio App.3d 166. (Emphasis added.) It appears that the trial court and defense counsel were relying on this line of authority in believing that the trial court's failure to rule on appellant's numerous pretrial motions would be treated the same as if the trial court had overruled them. But the trial court's and defense counsel's reliance on the principle set forth in these cases was misplaced.
 {¶ 53} The aforementioned line of cases involve situations where the trial court (or, in original actions brought in a court of appeals, the intermediate appellate court), failed to rule on a single pretrial motion related to discovery matters. See Stateex rel. The V Cos. v. Marshall, 81 Ohio St.3d at 469 (Ohio Supreme Court presumed that court of appeals overruled a motion to compel compliance with a deposition notice, where court of appeals failed to expressly rule on motion); State ex rel.Cassels, 69 Ohio St.3d at 223 (Ohio Supreme Court presumed that court of appeals overruled a motion to strike parts of an affidavit, where court of appeals failed to expressly rule on motion); and Newman v. Al Castrucci Ford Sales,54 Ohio App.3d at 169 (where court of appeals presumed trial court overruled motion to strike motion for sanctions, where trial court failed to expressly rule on motion). Furthermore, it appears that the lower courts' failures to rule on the motions in these cases were inadvertent.
 {¶ 54} In this case, by contrast, the trial court knowingly
left appellant's numerous motions undecided, with the belief that this court would simply consider the motions as having been overruled. We consider this to be a misapplication of an otherwise useful principle of appellate law. Generally, a reviewing court will presume that a lower court overruled a motion on which it did not expressly rule, in instances where it is clear from the circumstances that that is what the lower court actually intended to do. See, e.g., Newman,54 Ohio App.3d at 169, (court of appeals stated that while it did not condone trial court's failure to rule upon motions, it was obvious that by granting defendant's motion for sanctions, the trial court implicitly overruled plaintiff's motion to strike defendant's motion for sanctions). However, we know of no instance where this principle has been applied to circumstances like those before us.
 {¶ 55} Where a defendant tenders a no contest plea to a trial court before that court has had an opportunity to rule on any pretrial motions the defendant may have brought, the trial court should inform the defendant that such motions will be treated as if they had never been raised if the defendant insists on entering the plea without his motions being ruled upon. The trial court must not inform the defendant that by its failure to rule on them, the motions will be deemed to have been overruled, thereby allowing the issues raised therein to be appealed pursuant to Crim.R. 12(I). If we were to hold otherwise, then trial courts and defendants alike would be able to send all major constitutional, statutory or evidentiary issues straight to the court of appeals, without having to address them at the trial court level. Crim.R. 12 and the general rule that pretrial motions not ruled upon will ordinarily be presumed to have been overruled, were never meant to be used in this manner.
 {¶ 56} In this case, we are convinced that appellant was not fairly warned that he was waiving the issues he is now attempting to raise in his assignments of error. The state has brought up the fact that appellant was told by his defense counsel in open court that he "may not" have the right to appeal "motions to dismiss, motion to suppress or anything else[.]" But the problem with that advice is that by telling appellant that he may not
be able to appeal those issues, defense counsel was implicitly suggesting to him that he, in fact, may be able to appeal them, after all.
 {¶ 57} As a result, we conclude that appellant was not fully informed of the consequences of his no contest plea under the facts and circumstances of this case. Therefore, his plea of no contest and the waiver of his constitutional rights, including his right to a jury trial, were not made knowingly, intelligently and voluntarily. State v. Buchanan (1974), 43 Ohio App.2d 93,96. Furthermore, while appellant has not raised this issue, Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."
 {¶ 58} Accordingly, appellant's conviction on one count of importuning, and his no contest plea to that charge, are vacated. This matter is remanded to the trial court for further proceedings consistent with this opinion and in accordance with law.
Valen, P.J., and Powell, J., concur.
[1] R.C. 2907.07(E) was redesignated R.C. 2907.07(D), effective July 31, 2003.
[2] Crim.R. 12(B)(3) also provides that motions to suppress evidence including, but not limited to statements and identification testimony, on the ground that it was illegally obtained[,] "shall be filed in the trial court only."