DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Todd Chapman, appeals from the decision of the Cuyahoga Falls Municipal Court. We vacate the decision of the trial court.
 I. {¶ 2} In July 2002, Mr. Chapman executed a contract with Stan Alan Acceptance Corp. ("SAAC") for the purchase of a 2003 Mercedes Benz SL 55 and paid $20,000 toward the purchase price. Shortly thereafter, Mr. Chapman sought to cancel the contract and recover his money. He notified SAAC of this intention.
 {¶ 3} On October 24, 2002, SAAC sued Mr. Chapman in Cuyahoga Falls Municipal Court for breach of contract. As a volume seller, SAAC sought to recover its lost profit, subject to the municipal court's jurisdictional limits. On January 2, 2003, Mr. Chapman filed an answer and counterclaim, denying any such breach and alleging consumer sales practices violations and breach of contract by SAAC. Although he was seeking return of his $20,000 down-payment and additional damages, Mr. Chapman limited his prayer to "an amount equal to [Cuyahoga Falls Municipal Court's] jurisdictional limits," which is $15,000 under R.C. 1901.17.
 {¶ 4} On August 11, 2003, Mr. Chapman moved for leave to amend the prayer amount in his counterclaim to "an amount in excess of $25,000." Because this amount is beyond the municipal court's jurisdictional limit, he moved to transfer the case to the Summit County Court of Common Pleas. The trial court denied the motion. In a signed notation dated August 14, 2003 and handwritten above the caption on Mr. Chapman's motion, the trial court judge wrote:
"Denied. [Mr. Chapman] has waited 8 months (and thirty days before trial) before attempting to amend a prayer to an amount in excess of the court's monetary jurisdiction. No good cause shown to allow amendment."
On August 15, 2003, this ruling was journalized and recorded on the docket.
 {¶ 5} Trial commenced on September 19, 2003, before a magistrate, who awarded judgment to SAAC for the $15,000 and dismissed Mr. Chapman's counterclaim. On November 25, 2003, the trial court issued a final order that adopted the magistrate's decision, thereby upholding the $15,000 award to SAAC and dismissing the counterclaim. This appeal followed.
 {¶ 6} Mr. Chapman timely appealed, asserting three assignments of error for review.
 II. A. First Assignment of Error
"The trial court erred in denying defendant's motion for leave to amend his counterclaim to seek an amount in excess of the trial court's jurisdictional limit and erred in exercising subject matter jurisdiction."
 {¶ 7} In his first assignment of error, Mr. Chapman asserts that the trial court incorrectly denied his motion to amend the prayer amount in his counterclaim, an amendment that would have removed the trial court's jurisdiction. We agree.
 {¶ 8} Generally, Civ.R. 15(A) governs the amendment of pleadings. However, Civ.R. 54(C) governs one specific circumstance: an amendment to the monetary amount sought in a party's prayer for relief. Fulton v. Aszman (1982),4 Ohio App.3d 64, 75. This is a critical exception. While Civ.R. 15(A) limits the right to amend based on leave of court or consent of the adverse party, Civ.R. 54(C) requires neither court approval nor consent of any other party. Id. Specifically, the trial court "lacks discretion to deny a timely filed motion to amend the monetary amount of a complaint's demand for judgment." Williamsv. Glen Manor Home for Jewish Aged, Inc. (1986),27 Ohio App.3d 246, 249-50 (allowing such amendments up to seven days before trial, as prescribed under the prior version of Civ.R. 54(C)). Mr. Chapman's motion, made 30 days before trial, was timely filed, and under the controlling rule of Civ.R. 54(C), the trial court was obligated to grant the motion to amend the monetary amount. However, this analysis does warrant some further clarification.
 {¶ 9} Civil Rule 54(C) was amended in 1994. We were unable to locate any case that specifically addresses this aspect of the amended rule. The two cases cited above, Fulton and Williams,
specifically addressed the prior version of the rule, yet appear to remain applicable to the amended version. Nothing in the text or purpose of the 1994 amendment undermines the reasoning ofFulton or Williams, and the application in this case is consistent with the purpose identified in the Staff Notes to the 1994 amendment. See 1994 Staff Notes to Civ.R. 54(C).
 {¶ 10} Under the pre-1994 version of Civ.R. 54(C), a party was unconditionally allowed to amend the amount of the monetary claim up until seven days before trial. The seven-day limitation was intended as a compromise, to allow parties to amend the prayer for relief "in light of intervening discovery or other reasons," but within seven days of trial, to then protect parties who "could go to trial knowing what was their exposure with regard to damages." 1970 Staff Notes to Civ.R. 54(C). In 1994, this seven-day cut off was deemed unnecessary and the amended version of Civ.R. 54(C) removes all reference. "The amendment deletes the provision in division (C) which restricted an amendment of the prayer for damage relief to seven days before commencement of trial." 1994 Staff Notes to Civ.R. 54(C). Under a plain reading, the removal of this "restriction" does not implicate the unrestrained availability of such amendments prior to seven days before trial, as had been authorized by the prior rule and clarifying cases. See Fulton, 4 Ohio App.3d at 75;Williams, 27 Ohio App.3d at 249.
 {¶ 11} Under this rule, the trial court is obligated to grant a good-faith motion to amend the monetary amount, without any showing of cause, if filed some reasonable time before trial. SeeWilliams, 27 Ohio App.3d at 249. Mr. Chapman's motion was filed 30 days before trial. Therefore, we conclude that the trial court erred in denying this motion.
 {¶ 12} Municipal courts lack subject matter jurisdiction over any case in which the amount claimed by any party exceeds $15,000. R.C. 1901.17. As determined above, we find that Mr. Chapman properly claimed an amount in excess of $15,000. Therefore, the Cuyahoga Falls Municipal Court lacked jurisdiction over this case. Accordingly, Mr. Chapman's first assignment of error is sustained and the judgment of the trial court is vacated as void.
 B. Second Assignment of Error
"The trial court erred in failing to conclude that the provision of appellee's sales contract requiring that the buyer of a vehicle from appellee make a $20,000.00 nonrefundable down payment is a penalty provision and unenforceable under ohio law."
 Third Assignment of Error
"The trial court erred in concluding that appellee mitigated its damages and was entitled to recover from appellant a profit margin of $37,491.50 on the sale of a vehicle."
 {¶ 13} In his second and third assignments of error, Mr. Chapman challenges the trial court's findings on the contract claim. Because of our decision on Mr. Chapman's first assignment of error, we need not address the second and third assignments of error, as they are now rendered moot. See App.R. 12(A)(1)(c).
 III. {¶ 14} Mr. Chapman's first assignment of error is sustained. The remaining assignments of error are not addressed, as they have been rendered moot. The decision of the Cuyahoga Falls Municipal Court is vacated.
Judgment vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Cuyahoga Falls Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Boyle, J., Concur.