JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-Appellant, Anthony Smith ("Appellant"), appeals from the trial court's denial of his motion to suppress. For the reasons set forth below, we affirm.
 {¶ 2} On August 18, 2004, the Cuyahoga County Grand Jury indicted Appellant in Case No. 455561 on four counts: one count of possession of drugs, in violation of R.C. 2925.11, two counts of drug trafficking, in violation of R.C. 2913.02, and one count of possessing criminal tools, in violation of R.C. 2923.24. Appellant pleaded not guilty to the indictment.
 {¶ 3} On October 22, 2004, Appellant filed a motion to suppress. The trial court conducted a suppression hearing on January 10, 2005. At the hearing, the court first heard the testimony of Officer Robert Martin ("Martin").
 {¶ 4} Martin testified that on June 29, 2000, Martin and Officer Haggerty ("Haggerty") were traveling westbound on Waterloo Street when they noticed Appellant's vehicle traveling in front of them with tinted windows that exceeded the legal limit. The officers, therefore, stopped Appellant at East 140th and Waterloo Streets.
 {¶ 5} Upon approaching Appellant's vehicle, the officers smelled marijuana. As they scanned the interior of the vehicle, they saw evidence of marijuana use in the form of seeds and crumbs in the console. The officers, therefore, ordered Appellant to exit the vehicle.
 {¶ 6} After he exited the vehicle, Martin testified that prior to any pat down, Appellant informed him that he had marijuana in his pocket. Martin then reached into Appellant's pocket and retrieved several bags of marijuana. While he was retrieving the marijuana, Appellant leaned the left side of his body against the vehicle, appearing to protect and hide his other pocket from the officers. Martin, becoming suspicious, patted Appellant's pocket, felt a bulge, and asked what the bulge was. Appellant replied that it was another bag of marijuana. Again, Martin reached into Appellant's pocket and confiscated not marijuana, but a sandwich bag of what appeared, and was later determined, to be six smaller bags of crack cocaine. At that point, Martin placed Appellant under arrest and the officers conducted a search of the vehicle.
 {¶ 7} Appellant also testified on his own behalf at the suppression hearing. He denied that he was smoking marijuana before the officers stopped his vehicle. He did admit, however, that it is possible that his vehicle smelled of marijuana at the time of the stop.
 {¶ 8} Appellant also testified that Martin asked him whether he had any contraband and Appellant told Martin that he had marijuana in his pocket. He also confirmed that Martin thereafter reached into his pocket and retrieved marijuana. He, however, contends that Martin only confiscated a small amount of marijuana from his pocket. Thereafter, Appellant claims Martin patted him down two times, but did not find anything. Appellant maintains that he did not tell Martin after the pat downs that more marijuana was in his other pocket and denies that Martin discovered crack cocaine in this pocket. Instead, Appellant testified that Martin searched his vehicle and discovered the crack cocaine in the "secret compartment of the door."
 {¶ 9} At the conclusion of evidence, the trial court denied Appellant's motion to suppress.[1] Subsequently, Appellant pleaded no contest to all four counts of the indictment. The court found Appellant guilty on all counts and sentenced him to a one year prison term and a $5,000 fine. Appellant now appeals the trial court's denial of his motion to suppress.
 {¶ 10} Appellant's sole assignment of error states:
 {¶ 11} "The Trial Court erred when it denied appellant's Motion To Suppress Evidence in spite of the Fact that the Police conducted an illegal pat-down search of the Appellant."
 {¶ 12} The Supreme Court of Ohio in State v. Burnside,100 Ohio St.3d 152, 2003-Ohio-5372, set forth the standard of review for a motion to suppress. The court stated:
 {¶ 13} "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills
(1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v.Flanning (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583." Id. at 154-155; see, also, State v. Nields, 93 Ohio St.3d 6,2001-Ohio-1291.
 {¶ 14} Appellant maintains that the search of his pockets was violative of the Fourth Amendment. Accordingly, he argues, the trial court should have suppressed the evidence obtained therefrom. We disagree.
 {¶ 15} The Fourth Amendment to the United States Constitution provides that "the right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *." This protection is applicable to the states via theFourteenth Amendment, Mapp v. Ohio (1961), 367 U.S. 643, 650,81 S.Ct. 1684, 6 L.Ed.2d 1081; Ker v. California (1963), 374 U.S. 23,30, 83 S.Ct. 1623, 10 L.Ed.2d 726, and by Section 14, Article I, of the Ohio Constitution which is virtually identical to theFourth Amendment. See State v. Robinette (1997),80 Ohio St.3d, 234, 238, 685 N.E.2d 762.
 {¶ 16} We initially note that Martin and Haggerty had sufficient probable cause to stop Appellant's vehicle. In the instant matter, driving a vehicle with tinted windows exceeding the legal limit, a traffic violation, necessarily established legal probable cause for the stop. State v. Evans (1993),67 Ohio St.3d 405, 407, 618 N.E.2d 162; State v. Clancy (Feb. 8, 1996), Cuyahoga App. No. 66902; State v. Martinez (1973),36 Ohio Misc. 29, 30, 296 N.E.2d 580.
 {¶ 17} Furthermore, the officers lawfully ordered Appellant to exit the vehicle. As the Eleventh District stated in State v.Carter, Portage App. No. 2003-P-0007, 2004-Ohio-1181:
 {¶ 18} "An officer may order the driver of a properly stopped vehicle to exit his or her vehicle, even without a reasonable suspicion of criminal activity. See State v. Evans,67 Ohio St.3d 405, 407, 1993-Ohio-186, 618 N.E.2d 162, citingPennsylvania v. Mimms (1977), 434 U.S. 106, 54 L.Ed.2d 331, 98 S.Ct.330. Moreover, an officer may detain a motorist to ask him or her questions regarding whether the motorist is carrying drugs or weapons in order to promote the public interest. State v.Robinette, 80 Ohio St.3d 234, 241, 1997-Ohio-343,685 N.E.2d 762. In order to detain a motorist beyond the contraband questions, the officer must possess a reasonable, articulable suspicion that criminal activity is afoot. Id." See, also, Statev. Lozada (2001), 92 Ohio St.3d 74, 81, 2001-Ohio-149,748 N.E.2d 520, citing Maryland v. Wilson (1997), 519 U.S. 408,137 L.Ed.2d 41, 117 S.Ct. 882; State v. McMillan, Huron App. No. H-04-018, 2005-Ohio-2096.
 {¶ 19} In the case sub judice, the officers lawfully ordered Appellant to exit his vehicle because the initial stop was proper. Additionally, the officers did not unlawfully detain Appellant when, as Appellant claims, they inquired whether he possessed contraband or weapons after smelling marijuana extruding from the vehicle. As the court in Carter stated, these "questions were the result of a drug interdiction policy promoting the public interest." Carter, supra. Accordingly, we find that the stop and subsequent brief detention was within the bounds of the Fourth Amendment.
 {¶ 20} Further, we find that any search and seizure resulting from Appellant's admission to possessing marijuana was legal. At the suppression hearing, Martin testified that prior to any pat down, Appellant stated that he had marijuana in his pocket. It was only then that Martin searched Appellant's pockets and seized the marijuana and cocaine. Subsequently, Appellant was arrested and the officers searched the vehicle incident to the arrest. Similarly, Appellant testified that he told Martin, "I have some marijuana in my right pocket." Appellant further confirmed that it was only then that Martin reached into his pocket and retrieved the marijuana.
 {¶ 21} Here, Appellant admitting to the illegal contraband in his pocket created the necessary probable cause to search Appellant's person and seize any illegal contraband. TheFourth Amendment only protects against "unreasonable searches and seizures." (Emphasis added.) Consequently, we find any search of Appellant's pockets, and any subsequent seizure of the marijuana and cocaine therefrom was neither unreasonable, nor illegal. Additionally, the officers then had sufficient probable cause to arrest Appellant and search the vehicle incident to the arrest. Accordingly, we find the trial court properly denied Appellant's motion to suppress. Appellant's sole assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and McMonagle, J., concur.
[1] We note that the record is devoid of a journal entry granting or denying Appellant's motion to suppress. While it is true that a court speaks through its journal entry, when the record is silent, a presumption exists that a motion is denied.State v. Rozell (June 20, 1996), Pickaway App. No. 95CA17. Furthermore, "[g]enerally, a reviewing court will presume that a lower court overruled a motion on which it did not expressly rule, in instances where it is clear from the circumstances that that is what the lower court actually intended to do." State v.Ryerson, Butler App. No. CA2003-06-153, 2004-Ohio-3353. In the instant matter, the actions of the trial court and parties demonstrate the trial court's intention to deny the motion.