OPINION
{¶ 1} Plaintiffs-appellants, James Kennedy, and Kennedy's Broadway Billiards, Inc. ("plaintiffs"), appeal from a judgment of the Franklin County Court of Common Pleas that, among other things, dismissed plaintiffs' complaint seeking declaratory and injunctive relief. Because the Franklin County Court of Common Pleas erred in its exercise of subject-matter jurisdiction, we reverse the judgment of the common pleas court and remand the matter with instructions.
 {¶ 2} James Kennedy, a resident of Sheffield, Ohio, is the owner of Kennedy's Broadway Billiards, Inc. in Lorain, Ohio, which is licensed by the state of Ohio to sell alcoholic beverages. In November 2004, James Kennedy personally and through associates asked local and state government officials if it would be permissible under law to conduct free "Texas Hold `Em" poker tournaments at Kennedy's Broadway Billiards in which no money would change hands and in which the last player in a game would receive a prize of nominal value. After local and state officials informed Kennedy that the proposed "Texas Hold `Em" poker tournaments at Kennedy's Broadway Billiards would not violate state law, and after Kennedy held such tournaments at his establishment for approximately four months, defendants "raided" Kennedy's Broadway Billiards on March 13, 2005. During this "raid" defendants cited plaintiffs for purported liquor law violations and seized poker equipment.
 {¶ 3} On March 21, 2005, in the Lorain County Court of Common Pleas, plaintiffs filed a verified complaint against (1) the Ohio Department of Public Safety ("department" or "department of public safety"), and (2) John Campbell, an employee of the department of public safety. Seeking declaratory and injunctive relief, plaintiffs alleged, among other things, that (1) defendants unlawfully interfered with plaintiffs' business in violation of plaintiffs' due process rights; and (2) administrative citations by defendants for purported liquor law violations and defendants' seizure of plaintiffs' property constituted a violation of R.C. 2915.01(D) and R.C. 2915.04(F)(4) because plaintiffs' free poker tournaments were not games of chance and were not designed for gambling purposes. With their complaint, plaintiffs simultaneously moved for a temporary restraining order and preliminary injunction. Finding that it lacked subject-matter jurisdiction, the Lorain County Court of Common Pleas transferred the matter to the Franklin County Court of Common Pleas.
 {¶ 4} After the matter was transferred, the Franklin County Court of Common Pleas overruled plaintiffs' motion for a temporary restraining order and referred plaintiffs' motion for a preliminary injunction to a magistrate. However, before the court referred plaintiffs' motion for a preliminary injunction to a magistrate, defendants moved to dismiss the complaint on the grounds that: (1) plaintiffs failed to exhaust administrative remedies; and (2) plaintiffs failed to state a claim for which relief may be granted. Defendants also moved to strike plaintiffs' jury demand. Plaintiffs opposed defendants' motions.
 {¶ 5} After conducting a hearing, the magistrate later issued a decision in which he recommended denial of plaintiffs' motion for a preliminary injunction. Plaintiffs filed objections to the magistrate's decision.
 {¶ 6} Finding no error of law or other defect on the face of the magistrate's decision, the common pleas court approved and adopted the magistrate's decision denying plaintiffs' request for a preliminary injunction, and the common pleas court overruled plaintiffs' objections to the magistrate's decision. Finding that plaintiffs also failed to state a claim upon which relief may be granted, the common pleas court granted defendants' motion to dismiss and dismissed plaintiffs' complaint. The court did not enter judgment as to defendants' motion to strike plaintiffs' jury demand.[1]
 {¶ 7} From the common pleas court's judgment, plaintiffs now appeal and assign a single error for our consideration: "The trial court erred by granting the motion to dismiss."
 {¶ 8} Appellate review of a trial court's decision to dismiss a case pursuant to Civ.R. 12(B)(6) is de novo. Perrysburg Twp.v. Rossford, 103 Ohio St.3d 79, 2004-Ohio-4362, at ¶ 5; Aust v.Ohio State Dental Bd. (2000), 136 Ohio App.3d 677, 681, appeal not allowed, 89 Ohio St.3d 1464. See, also, BP CommunicationsAlaska, Inc. v. Cent. Collection Agency (2000),136 Ohio App.3d 807, 812-813, dismissed, appeal not allowed, 89 Ohio St.3d 1464, citing Hall v. Ft. Frye Loc. School Dist. Bd. of Edn. (1996),111 Ohio App.3d 690, 694 (stating that "de novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision"). Accordingly, affording no deference to the common pleas court's judgment, we shall independently review the record before us.
 {¶ 9} Finding that it lacked subject-matter jurisdiction, the Lorain Count Court of Common Pleas transferred the matter to the Franklin County Court of Common Pleas. Cf. Civ.R. 12(H)(3) (providing that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").
 {¶ 10} In State ex rel. Natl. Employee Ben. Services, Inc.v. Ct. of Common Pleas of Cuyahoga Cty. (1990),49 Ohio St.3d 49, rehearing denied, 50 Ohio St.3d 703, after the appellant filed a supplemental complaint in the Shaker Heights Municipal Court in an amount that exceeded the court's subject-matter jurisdiction, relying upon Williams v. Glen Manor Home for theJewish Aged, Inc. (1986), 27 Ohio App.3d 246, the municipal court transferred the case, along with appellant's counterclaim, to the Cuyahoga County Court of Common Pleas. Thereafter, the appellant sought writs of prohibition, mandamus, and procedendo in the appellate court. Finding that appellants' complaint failed to state a claim for any relief, the appellate court sua sponte dismissed the complaint. Thereafter, upon an appeal as of right, the Supreme Court of Ohio considered the matter.
 {¶ 11} In State ex rel. Natl. Employee Benefit Services,
the issue before the Supreme Court of Ohio concerned whether the municipal court had any jurisdiction to transfer the entire matter to the common pleas court in light of the filing of a supplemental complaint. Distinguishing Williams because theWilliams court failed to discuss Civ.R. 12(H)(3), the Supreme Court "[held] that the Shaker Heights Municipal Court had no jurisdiction to transfer the * * * case and appellant's counterclaim to the Court of Common Pleas of Cuyahoga County and, correspondingly, that the common pleas court had no basis upon which to assume jurisdiction." Id. at 50. Thereafter, the Supreme Court, among other things, reversed the appellate court's judgment, prohibited the common pleas court from hearing and determining the matter, instructed the common pleas court to return the entire matter to the municipal court, and ordered the municipal court to dismiss the matter without prejudice.
 {¶ 12} Applying the reasoning of State ex rel. Natl.Employee Benefit Services, Inc., after the Lorain County Court of Common Pleas determined that it lacked subject-matter jurisdiction, that court lacked jurisdiction to transfer the matter to the Franklin County Court of Common Pleas and, correspondingly, the Franklin County Court of Common Pleas had no basis upon which to assume jurisdiction. Id. See, also, Civ.R. 12(H)(3). Consequently, rather than dismissing plaintiffs' action for failure to state a claim upon which relief may be granted, the Franklin County Court of Common Pleas properly should have dismissed the action for lack of a basis upon which to assume jurisdiction. See, generally, Pratts v. Hurley,102 Ohio St.3d 81, 2004-Ohio-1980, at ¶ 12 (stating, among other things, that a trial court's lack of jurisdiction over a particular case renders the judgment voidable); see, also, Walter v. McGuiness (Dec. 29, 1995), Montgomery App. No. 15471 (concluding that a trial court's order that was improperly entered constituted a final appealable order).
 {¶ 13} Accordingly, because the Franklin County Court of Common Pleas had no basis upon which to assume jurisdiction, we therefore hold that that court improperly exercised subject-matter jurisdiction by dismissing plaintiffs' complaint for failure to state a claim upon which relief may be granted. For different reasons than those advanced by plaintiffs, we therefore sustain plaintiffs' sole assignment of error and reverse the judgment of the Franklin County Court of Common Pleas. We remand the matter to that court and instruct the court to vacate its judgment and to dismiss the action without prejudice.
Judgment reversed; case remanded with instructions.
KLATT, P.J., and BROWN, J., concur.
[1] Because defendants prevailed, defendants' motion to strike plaintiffs' jury demand was rendered moot and we presume the common pleas court overruled defendants' motion. See, e.g.,State v. Smith, Cuyahoga App. No. 85984, 2006-Ohio-2323, at fn. 1. In Smith, the court stated:
* * * While it is true that a court speaks through its journal entry, when the record is silent, a presumption exists that a motion is denied. State v. Rozell (June 20, 1996), Pickaway App. No. 95CA17. Furthermore, "[g]enerally, a reviewing court will presume that a lower court overruled a motion on which it did not expressly rule, in instances where it is clear from the circumstances that that is what the lower court actually intended to do." State v. Ryerson, Butler App. No. CA2003-06-153,2004-Ohio-3353. * * *
Id.