OPINION
{¶ 1} Defendant-appellant, Roger England, appeals from a judgment of the Franklin County Court of Common Pleas that convicted him of one count of aggravated vehicular assault, one count of vehicular assault, and two counts of operating a vehicle while under the influence of alcohol or drugs.[1] For the following reasons, we affirm the judgment of the common pleas court.
 {¶ 2} On May 6, 2004, defendant was involved in a two-car collision near I-670 and Neil Avenue in Columbus, Ohio, in which defendant appeared to be at fault. A police officer that arrived at the crash site detected an odor of alcohol and suggested to another police officer, Charles McCoy, that defendant may have been under the influence of alcohol at the time of the collision. Due to injuries sustained in the collision, defendant was transported to The Ohio State University Medical Center for treatment.
 {¶ 3} At the hospital, Officer McCoy detected an odor of alcohol when he was with defendant. After Officer McCoy reviewed an administrative license suspension ("ALS") form with defendant while a nurse was present in the room, defendant submitted to having a blood sample drawn by a nurse. For his part, defendant has no recollection of the interaction with Officer McCoy at the hospital. According to defendant's wife, when she briefly spoke with defendant at the hospital about one and one-half hours after the collision, defendant "didn't talk right" and his conversation did not appear to make sense.
 {¶ 4} By indictment filed on August 19, 2004, defendant was charged with one count of aggravated vehicular assault, one count of vehicular assault, and two counts of operating a vehicle while under the influence of alcohol or drugs. Defendant pled not guilty to these charges.
 {¶ 5} Prior to trial, defendant moved, among other things, to suppress evidence that included, but was not limited to: (1) tests of defendant's coordination or sobriety, or both, which included results of alcohol concentration in defendant's blood or urine; (2) statements made by defendant; (3) observations and opinions of police officers concerning defendant's sobriety; and (4) all evidence that was seized based upon a purported warrantless search of defendant. After conducting an evidentiary hearing, the trial court denied defendant's motion to suppress evidence.
 {¶ 6} After the trial court denied defendant's suppression motion, defendant changed his not guilty plea to a plea of nolo contendere. After defendant pled no contest to the charges in the indictment, the trial court found defendant guilty of charges to which he entered a plea. At the sentencing hearing, the trial court imposed a prison sentence and ordered the suspension of defendant's driver's license for ten years without work-driving privileges.[2]
 {¶ 7} Thereafter, before the trial court issued its written judgment, defendant moved the court to reconsider the sentence that it imposed. The trial court denied this motion.[3]
Upon defendant's motion and for good cause shown, the trial court, however, stayed execution of defendant's sentence pending the outcome of defendant's appeal in the instant matter.
 {¶ 8} From the trial court's judgment, defendant now appeals and assigns a single error for our consideration:
THE TRIAL COURT ERRED WHEN IT DENIED APPELL-ANT'S MOTION TO SUPPRESS BLOOD EVIDENCE OBTAINED IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS.
 {¶ 9} In State v. Roberts, 110 Ohio St.3d 71,2006-Ohio-3665, the Supreme Court of Ohio recently instructed:
"Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992),62 Ohio St.3d 357, 366, 582 N.E.2d 972. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v.Fanning (1982), 1 Ohio St.3d 19, [20], 1 OBR 57, 437 N.E.2d 583. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." * * *
Id. at ¶ 100, quoting State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, at ¶ 8. Cf. State v. Featherstone,150 Ohio App.3d 24, 2002-Ohio-6028, at ¶ 10, citing Ornelas v. UnitedStates (1996), 517 U.S. 690, 699, 116 S.Ct. 1657 (stating that "`as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal'").
 {¶ 10} By his sole assignment of error, defendant challenges whether Officer McCoy had probable cause to arrest him for driving while under the influence of alcohol or drugs. The state contends, however, that for purposes of this appeal defendant has waived the issue of whether a police officer had probable cause to arrest defendant for driving while intoxicated. According to the state, at the hearing in which defendant's motion to suppress was considered, defendant failed to raise the issue of whether Officer McCoy had probable cause to arrest defendant. According to the state, rather than addressing whether police had probable cause to arrest defendant, the suppression hearing's scope was limited to determining whether defendant validly consented to have his blood drawn for a blood test. Because at the suppression hearing defendant failed to raise the issue of whether a police officer had probable cause to arrest defendant for driving while intoxicated, the state argues that defendant has waived this issue for purposes of this appeal.
 {¶ 11} Our review of the record finds that defendant raised many issues in his suppression motion, in his supplemental suppression motion, and at the evidentiary hearing that was held to consider defendant's suppression motion.[4] However, based upon our review of the transcript of the suppression hearing, we find that defendant did not pursue a claim of lack of probable cause at the hearing. At the hearing, defense counsel stated, in part:
* * * Since you do bring it up, I think it is important that if you look at Officer McCoy's testimony, the only thing he says is there was a smell of alcohol. I think this court is well aware, we are all well aware bad accidents happen all the time without the suspicion of alcohol. There was no field sobriety test. I don't want to open a Pandora's box. If you are going to go down this road, I would like to re-open the questioning as to what evidence they had other than the smell of alcohol that my client was under the influence.
* * *
So I guess that point is: Do you want to go down that road on whether there was probable cause, you know, as to whether he was driving under the influence.
If you look at the case law I cited, it is not just dealing with the implied consent law. It is dealing with whether the person is under arrest and whether consent was voluntary.
* * *
I don't think the Schmerber case [Schmerber v. California
(1966), 384 U.S. 757, 86 S.Ct. 1826] is relevant here simply because I don't think there is probable cause. If we want to go down the road, we can re-open the motion hearing, but I think based on what they have, other than the smell of alcohol —
THE COURT: You mean probable cause in the first instance?
[Defense Counsel]: Exactly, sir. I think — you know, [the assistant prosecutor] and I talked about this when I first got this case, there is no decision from this Court of Appeals telling you which way they think it should go.
(Mar. 2, 2005 Tr. 48-50.)
 {¶ 12} Although defense counsel suggested re-opening the suppression hearing to address the issue of probable cause, defense counsel did not formally move to re-open the hearing, and the record contains no evidence that the suppression hearing was reopened to consider additional evidence relating to whether Officer McCoy had probable cause to arrest defendant for driving while intoxicated.
 {¶ 13} "It is well settled that a litigant's failure to raise an issue before the trial court waives the litigant's right to raise that issue on appeal." Gentile v. Ristas,160 Ohio App.3d 765, 2005-Ohio-2197, at ¶ 74, citing Estate of Hood v. Rose,153 Ohio App.3d 199, 2003-Ohio-3268, at ¶ 10; see, also, Statev. Moreland (1990), 50 Ohio St.3d 58, 62, rehearing denied,51 Ohio St.3d 704, certiorari denied, 498 U.S. 882, 111 S.Ct. 231. "The failure to raise issues in the trial court results in `a deviation from this state's orderly procedure and therefore need not be heard for the first time on appeal.'" State v. Moore
(Sept. 29, 2000), Mahoning App. No. 97-C.A.-39, quoting State v.Smith (1991), 61 Ohio St.3d 284, 293, rehearing denied,62 Ohio St.3d 1410, certiorari denied (1992), 502 U.S. 1110,112 S.Ct. 1211. See, also, State v. Glaros (1960), 170 Ohio St. 471, paragraph one of the syllabus; State v. Williams (1977),51 Ohio St.2d 112, paragraph one of the syllabus, judgment vacated in part (1978), 438 U.S. 911, 98 S.Ct. 3137. If a party fails to raise an issue before a trial court, then appellate review must proceed, if at all, under a plain error analysis. Moreland,
supra, at 62; Moore, supra; see, also, Crim.R. 52(B). Plain error, however, "does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." Moreland, at 62; see, also, State v. Long (1978),53 Ohio St.2d 91, at paragraphs two and three of the syllabus. Furthermore, "Crim.R. 52(B) states only that a reviewing court `may' notice plain forfeited errors; a court is not obliged to correct them." State v. Barnes (2002), 94 Ohio St.3d 21, 27.
 {¶ 14} Here, by failing to pursue at the suppression hearing the issue of whether Officer McCoy had probable cause to arrest defendant, defendant abandoned litigation of this issue. We therefore conclude that, for purposes of this appeal, defendant has waived the issue of whether Officer McCoy had probable cause to arrest him for driving while intoxicated. Therefore, this court need not address this issue here for the first time.
 {¶ 15} Moreover, although defendant raised other issues at the suppression hearing in support of his contention that evidence of defendant's blood should be suppressed, by his assignment of error in this appeal defendant only has raised the issue of whether probable cause existed to arrest defendant. Because in this appeal defendant has failed to challenge other issues that he raised before the trial court in support of his suppression motion, we do not need to address these other issues, which, although they were raised before the trial court, are not raised here.
 {¶ 16} "The burden of affirmatively demonstrating error on appeal rests with the party asserting error." Roberts v.Hutton, 152 Ohio App.3d 412, 2003-Ohio-1650, at ¶ 18, citing App.R. 9 and 16(A)(7); State ex rel. Fulton v. Halliday (1944),142 Ohio St. 548; see, also, State ex rel. Petro v. Gold,166 Ohio App.3d 371, 2006-Ohio-943, at ¶ 94, appeal not allowed by,110 Ohio St.3d 1439, 2006-Ohio-3862. "Pursuant to App.R. 16(A)(7), an appellant must present his or her contentions with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record upon which he or she relies." Roberts, at ¶ 18. It is inappropriate for this court to construct the legal arguments in support of an appellant's appeal. Id.; State ex rel. Petro, at ¶ 94; see, also, Cook v. Wilson, 165 Ohio App.3d 202, 2006-Ohio-234, at ¶15, quoting Helman v. EPL Prolong, Inc. (2000),139 Ohio App.3d 231, 240 (stating that "[c]ourts of appeals `cannot and will not search the record in order to make arguments on appellant['s] behalf'"). "`If an argument exists that can support this assignment of error, it is not this court's duty to root it out.'" Roberts, at ¶ 18, quoting Cardone v. Cardone (May 6, 1998), Summit App. No. 18349, dismissed, appeal not allowed by,83 Ohio St.3d 1429; see, also, State ex rel. Petro, at ¶ 94.
 {¶ 17} Consequently, absent any duty to root out possible arguments in support of defendant's assignment of error, we therefore do not address other issues, which, although they were raised before the trial court, are not raised here.
 {¶ 18} Accordingly, in summary, we hold that for purposes of this appeal defendant has waived the issue of whether Officer McCoy had probable cause to arrest defendant for driving while intoxicated. For the foregoing reasons, we therefore overrule defendant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Sadler and French, JJ., concur.
[1] Defendant was charged with vehicular assault in count two of a four-count indictment. However, in finding defendant guilty of count two of the indictment, the common pleas court in its judgment indicates that count two of the indictment charged defendant with aggravated vehicular assault. On appeal, defendant has not challenged this discrepancy between the court's judgment and the indictment.
[2] At the sentencing hearing, the common pleas court suggested it would also order restitution by defendant. However, the court's judgment is silent as to the issue of restitution. See, generally, State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, at ¶ 6 (stating that "[a]s a general rule, a court speaks only through its journal").
[3] Here, the trial court rendered no express ruling concerning defendant's motion for reconsideration of sentencing. Rather, after defendant moved for reconsideration, the trial court rendered its judgment. We therefore presume the common pleas court denied defendant's motion for reconsideration of sentencing. See, e.g., State v. Smith, Cuyahoga App. No. 85984,2006-Ohio-2323, at fn. 1.
In Smith, the court stated:
* * * While it is true that a court speaks through its journal entry, when the record is silent, a presumption exists that a motion is denied. State v. Rozell (June 20, 1996), Pickaway App. No. 95CA17. Furthermore, "[g]enerally, a reviewing court will presume that a lower court overruled a motion on which it did not expressly rule, in instances where it is clear from the circumstances that that is what the lower court actually intended to do." State v. Ryerson, Butler App. No. CA2003-06-153,2004-Ohio-3353. * * *
Id.
[4] For example, at the suppression hearing, defendant argued, among other things, that at the hospital Officer McCoy did not properly place defendant under arrest because recitation of the ALS form was insufficient to infer an intent to arrest and a constructive seizure of defendant. See, generally, State v.Tomkalski, Lake App. No. 2003-L-097, 2004-Ohio-5624, at fn. 4. In Tomakalski, the court observed:
Courts are divided whether, in the absence of contradictory evidence, the mere recitation of the implied consent form is sufficient to infer an intent to arrest and a constructive seizure of the suspect. See, e.g., State v. King, 1st Dist. No. C-010778, 2003-Ohio-1541, at ¶¶ 21-23; State v. Rice (1998),129 Ohio App.3d 91, 97-99.
Id. Because in this appeal defendant only challenges whether probable cause existed to arrest defendant, we do not consider here whether recitation of the ALS form was insufficient to infer an intent to arrest and a constructive seizure of defendant.