DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Margaret Torgerson, appeals the judgment of the Oberlin Municipal Court denying her motion to suppress. This Court affirms.
 I. {¶ 2} On November 13, 2005, Officer McCoy of the Amherst Police Department stopped Appellant for a violation of Amherst City Ordinance 331.08, driving in marked lanes or continuous lines of traffic, a minor misdemeanor. Officer McCoy had followed Appellant for approximately one mile and had observed her weave out of her lane on at least two occasions. Thereafter, Officer McCoy arrested Appellant for a violation of Amherst City Ordinance *Page 2 
333.01(a)(1)(A), driving or physical control while under the influence, a first degree misdemeanor. Appellant was also charged with a violation of Amherst City Ordinance 331.01(a)(1)(D), breath alcohol content over .08, a first degree misdemeanor, and with the violation of Ordinance 331.08. On November 16, 2005, Appellant pled not guilty to the charges.
 {¶ 3} Appellant filed a motion to suppress on February 16, 2006, requesting that the trial court suppress all evidence obtained by police after the stop of Appellant. In this motion, Appellant alleged only that the stop was not based on reasonable or articulable facts warranting further investigation, thus the stop was illegal and violated Appellant's Fourth Amendment rights under the United States Constitution. A hearing on the motion was held on March 30, 2006. Officer McCoy was the only witness at this hearing. He testified that as he was following Appellant he observed her go left of center on two occasions. He also testified to a videotape taken on the night of the stop of Appellant's vehicle. The videotape did not reflect the lane violations Officer McCoy observed. Upon examination, Officer McCoy could not remember when he turned on the videotape. However, after questioning by the trial court, Officer McCoy stated that he was positive that he turned on the video after he observed the violations. On April 4, 2006, the trial court denied Appellant's motion to suppress. On April 20, 2006, Appellant entered a plea of no contest and was found guilty of violating Amherst City Ordinance 333.01. Appellant was sentenced to three days *Page 3 
incarceration and 180 days license suspension. Appellant's sentence was stayed until the outcome of this appeal. Appellant timely filed her notice of appeal raising three assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] MOTION TO SUPPRESS AS THE [APPELLEE] FAILED TO MEET ITS BURDEN OF PROOF, THAT OF REASONABLE SUSPICION OF ARTICULABLE FACTS THAT [APPELLANT] WAS ENGAGED IN ILLEGAL ACTIVITY."
 {¶ 4} In her first assignment of error, Appellant argues that the trial court erred in denying her motion to suppress as the State failed to prove that Officer McCoy had a reasonable suspicion of articulable facts that she was engaged in illegal activity. We disagree.
 {¶ 5} An appellate court's review of a trial court's "ruling on a motion to suppress presents a mixed question of law and fact." State v.Long (1998), 127 Ohio App.3d 328, 332. The trial court acts as the trier of fact during a suppression hearing, and is therefore best equipped to evaluate the credibility of witnesses and resolve questions of fact.State v. Hopfer (1996), 112 Ohio App.3d 521, 548. Further, an appellate court must give deference to the "consequent inferences and conclusions drawn by the trial court from the factual circumstances as presented by these witnesses." State v. Prunchak, 9th Dist. No. 04CA0070-M,2005-Ohio-869, at ¶ 18. Accordingly, this Court accepts the trial court's findings of fact so *Page 4 
long as they are supported by competent, credible evidence. State v.Guysinger (1993), 86 Ohio App.3d 592, 594. After allowing for the officer's reasonable inferences and acknowledging the trial court's superior position in weighing the facts, we "decide whether, under a standard of objective reasonableness, those facts would give rise to a reasonable suspicion justifying a stop[.]" (Internal citations and quotations omitted.) State v. Reed (Aug. 21, 1996), 9th Dist. No. 17635, at *2. When addressing the question of reasonable suspicion to make a traffic stop, this court must review the trial court's determinations de novo. Ornelas v. United States (1996), 517 U.S. 690, 699.
 {¶ 6} The trial court's journal entry denying Appellant's motion to suppress contained the following findings of fact:
 "On November 13, 2005 Officer McCoy was traveling eastbound on Park Avenue in the City of Amherst Ohio. As he was traveling eastbound he began to follow [Appellant's] vehicle. He testified that he observed [Appellant] cross over the center line twice. A videotape was introduced as State's Exhibit "A" on which there is no evidence of [Appellant's] vehicle actually crossing the center line although on at least one occasion the vehicle's left tires touch the center line and the vehicle appears to travel on or immediately adjacent to the center line for periods of time. The videotape evidence is inconclusive as it is dark and it is difficult to tell from the videotape how close the vehicle was to the line or whether it was actually touching the center line. Officer McCoy at first could not remember whether he activated the video before or after observing the two incidents of crossing the center line. After viewing the video the officer was confident the video was activated after observing the two incidents of crossing the center line."
 {¶ 7} Appellant challenges the trial court's findings of fact. Specifically, Appellant argues that the facts at the hearing did not show that Appellant violated *Page 5 
Ordinance 331.08 which states that a vehicle must be driven entirely within a single lane or line of traffic. According to Appellant, because there was no evidence of a traffic violation, there was no reasonable suspicion based on articulable facts to justify the traffic stop. This argument has no merit.
 {¶ 8} Before a law enforcement officer may stop a vehicle, the "officer must have reasonable suspicion, based upon specific and articulable facts, that an occupant is or has been engaged in criminal activity." State v. Trbovich (July 3, 1996), 9th Dist. No. 17613, at *2. Reasonable suspicion constitutes something less than probable cause.State v. Carlson (1995), 102 Ohio App.3d 585, 590. "[I]f the specific and articulable facts available to an officer indicate that a motorist may be committing a criminal act, which includes the violation of a traffic law, the officer is justified in making an investigative stop." Id. at 593. "No further inquiry beyond the requirement of reasonable suspicion is necessary or warranted." Id.
 {¶ 9} The trial court must look at the totality of the circumstances in determining if a stop is reasonable. State v. Anderson (1995),100 Ohio App.3d 688, 692. "[T]he circumstances surrounding the stop must `be viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training.'" State v. Bobo
(1988), 37 Ohio St.3d 177, 179, quoting United States v. Hall
(C.A.D.C.1976), 525 F.2d 857, 859. The court must weigh the facts of the case against an objective standard: "[W]ould the facts available to *Page 6 
the officer at the moment of the seizure or the search `warrant a man of reasonable caution in the belief that the action taken was appropriate?"Terry v. Ohio (1968), 392 U.S. 1, 21-22, quoting Carroll v. U.S. (1925),267 U.S. 132, 162. The officer's subjective motives in stopping a vehicle are irrelevant whenever a reasonable officer could stop the same vehicle for a traffic violation. Whren v. United States (1996),517 U.S. 806, 813.
 {¶ 10} After a review of the record, we find that the trial court's factual determinations are supported by competent, credible evidence. The only testimony presented at the suppression hearing was from Officer McCoy. Appellant's argument focuses on when Officer McCoy observed her cross the center line. While he wavered in his testimony as towhen he observed the violation, he steadfastly maintained that heobserved the violations. The trial court was in the best position to "`evaluate the credibility of witnesses and resolve questions of fact.'"Hopfer, 112 Ohio App.3d at 548, quoting State v. Venham (1994),96 Ohio App.3d 649, 653. Officer McCoy testified that Appellant "was observed to be weaving from side to side. On two separate occasions she was observed to be traveling left of center. At that time the traffic stop was conducted."
 {¶ 11} Having found the facts were supported by competent evidence, we next turn to the trial court's legal conclusions to conduct a de novo review. Based on his testimony, Officer McCoy observed Appellant swerve left-of-center, in *Page 7 
violation of a city ordinance. We conclude that Officer McCoy acted as a reasonable and cautious police officer would when, after observing a traffic violation, he stopped Appellant. Therefore, we find there were reasonable grounds for Officer McCoy to initiate a traffic stop of Appellant. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] MOTION TO SUPPRESS EVIDENCE AS THE TRIAL COURT CONSIDERED EVIDENCE NOT OFFERED IN THE HEARING ON THE MOTION TO SUPPRESS, SPECIFICALLY THE BREATHALYZER RESULT THAT THE TRIAL COURT JUDGE MADE FIRST MENTION OF IN PARAGRAPH ONE OF HIS OPINION IN SUPPORT OF JUDGMENT ENTRY DENYING MOTION TO SUPPRESS."
 {¶ 12} In her second assignment of error, Appellant argues that the trial court erred in denying her motion to suppress as the trial court considered evidence not offered at the hearing on the motion. We disagree.
 {¶ 13} Appellant specifically argues that the trial court erred in considering the results of a breathalyzer test. In the first paragraph of the judgment entry, the trial court noted that
 "[p]rior to the Suppression Hearing the Prosecutor offered [Appellant] a plea bargain to plead to a reduced charge. The Prosecutor's evidence includes a breath test reading of .131. [Appellant] did not challenge the admissibility of the test. The motion is limited to the validity of the stop. Specifically, [Appellant] moves for the suppression of all evidence obtained by the police after the stop of the vehicle." (Footnote omitted.) *Page 8 
We do not agree with Appellant's argument that the trial court used the breathalyzer results as a factor in denying her motion to suppress. Rather, the trial court was setting forth prior plea negations to provide context to the suppression issue at hand, i.e., the validity of the initial stop. Despite Appellant's contention, we find that the result of the breathalyzer test was not a factor in the trial court's denial of her motion to suppress. The court specifically indicated that the motion before it was "limited to the validity of the stop."
 {¶ 14} We are mindful that Appellee's assignment of error provides a roadmap for the court and directs this Court's analysis of the trial court's judgment. See App. R. 16. Even construing Appellant's second assignment of error as an allegation that Officer McCoy lacked probable cause to arrest Appellant, however, we note that this issue was not preserved as it was not raised in the trial court. Therefore, "by failing to pursue at the suppression hearing the issue of whether Officer McCoy had probable cause to arrest [Appellant], [Appellant] abandoned litigation of this issue." State v. England, 10th Dist. No. 05AP-793, 2006-Ohio-5087 at ¶ 14. Therefore, we find for purposes of this appeal that Appellant has waived the issue of whether Officer McCoy had probable cause to arrest her. Id. Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III "THE TRIAL COURT JUDGE COMMITTED SEVERAL ERRORS AT THE HEARING ON [APPELLANT'S] MOTION TO *Page 9 
 SUPPRESS WHICH PREJUDICED [APPELLANT] AND THEREFORE THE JUDGMENT SHOULD BE VACATED."
 {¶ 15} In her third assignment of error, Appellant argues that the trial court committed several errors at the hearing on her motion to suppress which prejudiced her and, therefore, the judgment should be vacated. We disagree.
 {¶ 16} As an initial note, Appellant did not object to any of the trial court's alleged errors at the hearing. Therefore, as above, we find Appellant has waived this argument for purposes of appeal. Further, in light of our determination on Appellant's first assignment of error, there is no need to address this assigned error. Accordingly, Appellant's third assignment of error is overruled.
 III. {¶ 17} Appellant's assignments of error are overruled. The judgment of the Oberlin Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 10 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P.J. and CARR, J., CONCUR. *Page 1