OPINION
{¶ 1} Defendant-appellant, Anthony E. Underdown, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.
 {¶ 2} On the evening of August 27, 2005, appellant was grilling food at his mother's house in Columbus, Ohio, for his mother and a friend. Tonya Bennett, appellant's niece, came to the house with a friend, Larry Vincent. Bennett and Vincent sat by themselves at a picnic table in the backyard for most of the night. At some point, *Page 2 
Bennett and Vincent began arguing. Appellant went back to the picnic table and asked them to quiet down. Sometime later, Bennett and Vincent began arguing again. Bennett then heard a shotgun blast and saw appellant enter the backyard wearing rubber gloves and holding a shotgun. Appellant got into a physical altercation with Vincent and Bennett, hitting Vincent in the head with the shotgun before pulling out a knife and stabbing both Vincent and Bennett. Vincent and Bennett ran from the yard. Appellant followed Vincent down the street. Vincent ran to a parked truck and picked up a piece of wood from the truck. He swung the piece of wood at appellant but missed. Appellant then stabbed Vincent in the neck. Vincent ran to a neighbor's house, where he died as a result of excessive bleeding from stab wounds to the neck and temple.
 {¶ 3} As a result of Vincent's death, a Franklin County Grand Jury indicted appellant with one count of aggravated murder in violation of R.C. 2903.01 and one count of murder in violation of R.C. 2903.02. The grand jury also indicted appellant with one count of attempted murder in violation of R.C. 2923.02 as it relates to R.C. 2903.02 and one count of felonious assault in violation of R.C. 2903.11 in connection with the attack on Bennett. All of those counts included a repeat violent offender specification pursuant to R.C. 2941.149. Appellant was also indicted with one count of having a weapon while under disability in violation of R.C. 2923.13. Appellant entered a not guilty plea and proceeded to a jury trial.
 {¶ 4} At trial, Bennett described what occurred on the evening of August 27, 2005, and she testified that appellant stabbed both her and Vincent. The coroner who performed Vincent's autopsy explained that Vincent died as a result of the loss of blood from two stab wounds: a minor one on his temple and a major one on his neck. Appellant *Page 3 
did not testify, but in a police interview that was played to the jury, he denied shooting a shotgun and denied stabbing Bennett and Vincent. He claimed that Bennett had a knife and started the altercation. The jury returned a verdict finding appellant not guilty of the attempted murder of Bennett but guilty of felonious assault. The jury found appellant not guilty of the aggravated murder of Vincent but it was unable to reach a verdict on the murder count. Subsequently, appellant entered a guilty plea to one count of voluntary manslaughter in violation of R.C.2903.03, a lesser-included offense of murder. The trial court accepted appellant's guilty plea and found him guilty. The trial court also found appellant guilty of the repeat violent offender specification.[1] The trial court sentenced appellant to a ten-year prison term for the voluntary manslaughter count, a six-year prison term for the felonious assault count, and an additional four-year term for the repeat violent offender specification. The trial court ordered these sentences to be served consecutively for a total prison term of 20 years.
 {¶ 5} Appellant appeals and assigns the following errors:
 FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY OVERRULING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS HIS STATEMENTS.
 SECOND ASSIGNMENT OF ERROR
 DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE OF COUNSEL'S FAILURE TO EXPOSE THE ENTIRE VIDEOTAPE OF DEFENDANT-APPELLANT'S INTERROGATION DURING THE SUPPRESSION HEARING AND TO RAISE THE ISSUES OF DEFENDANT-APPELLANT'S CUSTODIAL REQUEST FOR AN ATTORNEY, HIS SUBJECTION TO *Page 4 PHYSICAL DISCOMFORT PRIOR TO INTERROGATION, AND SUBSTANCES HE CONSUMED PRIOR TO INTERROGATION, ALL OF WHICH RESULTED IN HIS SUBSEQUENT STATEMENTS BEING INVOLUNTARY.
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY REFUSING TO PERMIT DEFENDANT-APPELLANT TO PRESENT EVIDENCE OF A PRIOR ACT OF AN ALLEGED VICTIM TO PROVE IDENTITY OF THE PERSON WHO COMMITTED AN ACT IN ISSUE IN THE CASE, TO SHOW A COURSE OF CONDUCT, AND TO SUPPORT A CLAIM OF SELF-DEFENSE SINCE DEFENDANT-APPELLANT WAS PRESENT FOR THE PRIOR INCIDENT.
 FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY SENTENCING DEFENDANT-APPELLANT TO A TERM OF IMPRISONMENT FOR FINDING HIM TO BE A REPEAT VIOLENT OFFENDER.
 {¶ 6} In his first assignment of error, appellant contends that the trial court erred when it denied his motion to suppress statements he made during police questioning. We disagree.
 {¶ 7} The denial of a motion to suppress involves a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact, and therefore is in the best position to resolve questions of fact and evaluate the credibility of witnesses.State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, in our review, this court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v.Fanning (1982), 1 Ohio St.3d 19; State v. Guysinger (1993),86 Ohio App.3d 592, 594. However, this court determines as a matter of law, without deferring to the trial court's conclusions, whether these facts meet the *Page 5 
applicable legal standard. State v. Vance (1994), 98 Ohio App.3d 56, 58, quoting State v. Williams (1993), 86 Ohio App.3d 37, 41; State v.Klein (1991), 73 Ohio App.3d 486, 488.
 {¶ 8} On the night of the attack, the police arrested appellant and took him to police headquarters. The police removed appellant's clothes because they were stained with blood. The police provided appellant with prison clothes. Two Columbus police detectives then interviewed him about the events of that evening. At the beginning of the interview, appellant stated that he was in pain. Apparently, as a result of the physical altercation, he sustained arm and head injuries and a broken finger. One of the detectives told him that someone would come to help him. Paramedics arrived and provided medical care to appellant. Appellant told the detectives that he drank some nonalcoholic wine earlier that day and that he had also taken some prescription drugs. The detectives then read appellant his Miranda rights. Appellant stated that he understood his rights, that he had had the rights explained to him before, and he repeated the rights to the detectives. He refused, however, to sign a form expressly waiving these rights. Appellant then described his version of the night's events. The interview lasted for approximately one hour.
 {¶ 9} Appellant alleges that statements he made during this interview should have been suppressed because they were not voluntarily made. An incriminating statement by an accused must be voluntary to be admissible. State v. Caulley (Mar. 14, 2002), Franklin App. No. 97AP-1590. Appellant claims that his statements were not voluntary because: (1) he was in pain due to a broken finger, (2) he spent an hour and a half in a cold bathroom wearing only underwear, (3) he may have been under the influence of alcohol and/or drugs, (4) he did not sign a written waiver of his rights against *Page 6 
self-incrimination, and (5) the police officers overreached and ignored his requests for an attorney. We disagree.
 {¶ 10} A confession is voluntary if it is the product of an essentially free and unconstrained choice by its maker. State v.Wiles (1991), 59 Ohio St.3d 71, 81. The state bears the burden of proving, by a preponderance of the evidence, that a confession was voluntary. Colorado v. Connelly (1986), 479 U.S. 157, 167-168,107 S.Ct. 515.
 {¶ 11} The use of an inherently coercive police tactic during interrogation is a prerequisite to a finding of involuntariness. Id.;State v. Kelso (Sept. 25, 1997), Franklin App. No. 96APA12-1755. Such tactics include physical abuse, threats, or deprivation of food, medical treatment, or sleep. State v. Weeks (Sept. 18, 2000), Logan App. No. 8-2000-07, quoting State v. Cooey (1989), 46 Ohio St.3d 20, 28. There must not only be police misconduct, but such misconduct must have caused the defendant's confession. Connelly, at 164.
 {¶ 12} Evidence of the use of an inherently coercive tactic triggers the totality of the circumstances analysis. State v. Treesh (2001),90 Ohio St.3d 460, 472; State v. Clark (1988), 38 Ohio St.3d 252, 261. Accordingly, we need not assess the totality of the circumstances unless we find that the tactics used by the detectives were coercive.Treesh; State v. Harris (Dec. 21, 1994), Montgomery App. No. 14343;State v. Noble, Ashtabula App. No. 2003-A-0007, 2004-Ohio-2313, at ¶ 13. In assessing the totality of circumstances surrounding a confession, a trial court should consider such things as the individual's age, mentality, and prior criminal experience; the length, intensity and frequency of interrogation; the existence of physical deprivation or mistreatment; and the *Page 7 
existence of threat or inducement. State v. Slagle (1992),65 Ohio St.3d 597, 600; State v. Edwards (1976), 49 Ohio St.2d 31, paragraph two of the syllabus.
 {¶ 13} During the suppression hearing, portions of appellant's videotaped interview were played to the trial court. Appellant's trial counsel argued that appellant's statements were not voluntary because appellant was in pain during the interview. After viewing the interview, the trial court noted that appellant did not appear to be in sufficient pain to impair his thinking or his communication skills. We agree. Appellant did inform the detectives that he was in pain. However, after that assertion, he received medical care and he stated that he felt "a whole lot better." He then proceeded to describe to the detectives what happened that night. There is no evidence that appellant was in such pain as to render his statements to the detectives involuntary. SeeState v. O'Linn (Mar. 16, 2000), Cuyahoga App. No. 75815 (finding that pain not so excruciating to warrant suppression of statements).
 {¶ 14} Additionally, the detectives did not deprive appellant of medical care. He received medical care during the interrogation, including having his ring cut off of his broken finger. Appellant made his statements only after receiving medical care. Appellant has not demonstrated any coercive police conduct, and therefore, he has not demonstrated that his statements were involuntary. Even under a totality of the circumstances review, the state has demonstrated that appellant's statements were voluntary. The trial court did not err when it denied appellant's motion to suppress.
 {¶ 15} At the suppression hearing, appellant's counsel did not raise any of the other arguments he presents in this assignment of error. His failure to raise these issues before the trial court constitutes a waiver of these issues on appeal, absent plain error. *Page 8 State v. England, Franklin App. No. 05AP-793, 2006-Ohio-5087, at ¶ 13
(issue waived when not raised at suppression hearing); State v.Torgerson, Lorain App. No. 06CA008917, 2007-Ohio-882, at ¶ 14 (citingEngland for waiver proposition). Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been different. Id., quoting State v. Moreland (1990),50 Ohio St.3d 58, 62.
 {¶ 16} Appellant's new arguments address both the voluntary nature of his statements and whether he voluntarily waived his Miranda rights. Although appellant's argument blurs the distinction, whether appellant's statements were voluntary is analytically different than whether he voluntarily waived his Miranda rights. See Miranda v. Arizona (1966),384 U.S. 436, 86 S.Ct. 1620; State v. Eley (1996), 77 Ohio St.3d 174,178. A suspect may waive his Miranda rights only if that waiver is done knowingly, intelligently, and voluntarily. State v. Myers, Drake App. No. 1643, 2006-Ohio-1604, at ¶ 65. Whether or not a suspect voluntarily waives his Miranda rights is based on the totality of the circumstances.State v. Clark (1988), 38 Ohio St.3d 252, 261.
 {¶ 17} Appellant was 52 years old when he was questioned. The interview lasted about one hour. The detectives did not act in a coercive manner. Appellant was not abused or threatened, nor was he deprived of food, sleep, or medical care. In fact, the police brought paramedics into the interrogation room to treat appellant. The detectives read appellant his Miranda rights and he stated that he understood those rights. He even repeated the rights back to the detectives. Appellant made statements to the detectives after having his rights explained to him. He did not express a desire to have counsel present until the end of the interview. Based on these facts, the trial court did not plainly err when it refused to suppress those statements, as appellant does not allege any *Page 9 
coercive conduct by the detectives and the totality of the circumstances indicate that he voluntarily made statements and voluntarily waived hisMiranda rights.
 {¶ 18} The trial court properly denied appellant's motion to suppress. Appellant's first assignment of error is overruled.
 {¶ 19} In his second assignment of error, appellant contends that he received ineffective assistance of counsel. In order to prevail on an ineffective assistance of counsel claim, appellant must meet the two-prong test enunciated in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052; accord State v. Bradley (1989), 42 Ohio St.3d 136, certiorari denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. Initially, appellant must show that counsel's performance was deficient. To meet that requirement, appellant must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Appellant may prove counsel's conduct was deficient by identifying acts or omissions that were not the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690. In analyzing the first prong of Strickland, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id., citing Michel v. Louisiana
(1955), 350 U.S. 91, 76 S.Ct. 158.
 {¶ 20} If appellant successfully proves that counsel's assistance was ineffective, the second prong of the Strickland test requires appellant to prove prejudice in order to prevail. Id. at 692. To meet that prong, appellant must show counsel's errors were so *Page 10 
serious as to deprive him of a fair trial, a trial whose result is reliable. Id. at 687. Appellant would meet this standard with a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 21} Appellant claims that trial counsel was ineffective for failing to argue that his statements should be suppressed because (1) he spent one and one-half hours in a cold bathroom wearing only underwear, (2) he may have been under the influence of alcohol and/or drugs, (3) he did not sign a written waiver of his rights against self-incrimination, and (4) the police officers overreached and ignored his requests for an attorney. We disagree. Counsel is not ineffective for failing to raise claims that are not meritorious. State v. Freeman (Dec. 12, 1995), Franklin App. No. 95APA03-321; State v. Ratcliff (1994),95 Ohio App.3d 199, 206. These claims lack merit and, therefore, trial counsel was not ineffective for failing to raise these issues.
 {¶ 22} The fact that appellant spent one and one-half hours in a cold bathroom before the interview does not render his later statements involuntary. Such conduct hardly represents the type of coercive police conduct the United States Supreme Court has found necessary to overbear an individual's free will. Columbus v. Stepp (Oct. 6, 1992), Franklin App. No. 92AP-486, citing Greenwald v. Wisconsin (1968), 390 U.S. 519,88 S.Ct. 1152 (defendant on medication interrogated for over 18 hours without food or sleep); Beecher v. Alabama (1967), 389 U.S. 35,88 S.Ct. 189 (police held gun to the head of wounded confessant to extract confession); Davis v. North Carolina (1966), 384 U.S. 737, 86 S.Ct. 1761
(defendant subjected to 16 days of incommunicado interrogation *Page 11 
in closed cell without windows with limited food and coercive tactics);Ashcraft v. Tennessee (1944), 322 U.S. 143, 64 S.Ct. 921 (defendant questioned by relays of officers for 36 hours without an opportunity for sleep).
 {¶ 23} Second, appellant's claim that he was under the influence of alcohol or drugs is belied by his own interview, in which he stated that he thought the wine he drank was non-alcoholic. Nor did he complain of any impairment as a result of medication. The detective also testified that appellant did not appear to be impaired during the interview. Neither of these arguments render appellant's statement involuntary.
 {¶ 24} Appellant's two other arguments address his decision to waive his Miranda rights. Appellant first notes that he did not sign a written waiver of his Miranda rights. However, such a refusal is not dispositive of the issue whether his waiver was valid. See State v. Streeter,162 Ohio App.3d 748, 2005-Ohio-4000, at ¶ 29; State v. Llanderal-Raya, Medina App. No. 04CA0079-M, 2005-Ohio-3306, at ¶ 30 (express written waiver not require for valid waiver); State v. Henricksen (Feb. 19, 1987), Cuyahoga App. No. 51496 (finding waiver without signed waiver form).
 {¶ 25} Appellant also claims that the police detectives continued to question him despite his requests for counsel. We disagree. An accused who requests an attorney is not subject to further questioning until counsel is present, unless the accused initiates further communications.Treesh, supra, at 473. For the interrogation to cease, however, the accused must clearly invoke his constitutional right to counsel.Davis v. United States (1994), 512 U.S. 452, 459, 114 S.Ct. 2350. In order to do this, an accused "must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an *Page 12 
attorney." Id. No cessation of questioning is required if the request is ambiguous. Appellant did not articulate a desire to have counsel present during the interview. Although he stated that he had an attorney, he did not state a desire to have counsel present until after he made his statements.
 {¶ 26} Because appellant fails to identify a meritorious claim that his counsel should have presented in support of appellant's motion to suppress, appellant cannot demonstrate that he received ineffective assistance of counsel. Accordingly, his second assignment of error is overruled.
 {¶ 27} Appellant contends in his third assignment of error that the trial court erred when it refused to allow counsel to question Bennett about an incident that occurred at the Underdown residence five years before the subject attack. Specifically, Bennett shot a former boyfriend at the residence with a shotgun. The trial court refused to allow questioning about the incident, noting that the incident was a prior bad act, prohibited by Evid.R. 404(B), and that none of the exceptions in that rule would allow the admission of the evidence.
 {¶ 28} It is well established that the admission or exclusion of evidence rests within the sound discretion of the trial court. State v.Robb (2000), 88 Ohio St.3d 59, 68. Absent an abuse of discretion, an appellate court will not disturb a ruling by a trial court as to the admissibility of evidence. State v. Martin (1985), 19 Ohio St.3d 122,129. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 29} Evid.R. 404(B) provides that: *Page 13 
 Evidence of the other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 {¶ 30} Appellant points out that the trial court allowed significant testimony about Bennett's past threatening behavior at the Underdown residence. At various times before the incident in question, Bennett threatened to throw bricks at the house, to harm appellant, and to burn the house down. Bennett also claimed that appellant's mother tried to poison her food. Appellant claims that Bennett's previous use of a shotgun should have been admitted because it was another example of Bennett's threatening behavior. We disagree. There is no exception in Evid.R. 404(B) to allow such "bad acts" testimony to prove a "course of conduct." Also, the incident in question occurred five years before this attack. For these reasons, the trial court did not abuse its discretion by prohibiting the admission of this testimony.
 {¶ 31} Appellant also claims that the evidence should have been used to prove that Bennett, not appellant, fired the shotgun that night. Again, we disagree. Evid.R. 404(B) prohibits the introduction of prior bad acts testimony to prove that the witness acted in conformity with the prior bad act. Yet this is exactly what appellant attempts to accomplish with this evidence: to prove that Bennett fired a shotgun on the night in question because she used a shotgun some five years earlier in connection with another incident. The rules clearly prohibit such evidence, and the trial court properly prohibited appellant from questioning Bennett about the incident with her former boyfriend.
 {¶ 32} Finally, appellant claims that the evidence also should have been admitted to show that he acted in self-defense. We disagree. Specific instances of a victim's prior *Page 14 
conduct are not admissible to prove that a victim was the initial aggressor. State v. Barnes (2002), 94 Ohio St.3d 21, 23. While such evidence may be used to prove the defendant's state of mind, id. at fn. 3, there is no indication that appellant offered this evidence for that reason. Accordingly, the trial court did not abuse its discretion by prohibiting questioning about this past shooting incident involving Bennett. Accordingly, appellant's third assignment of error is overruled.
 {¶ 33} Finally, in his fourth assignment of error, appellant contends that the Supreme Court of Ohio incorrectly allowed the imposition of additional penalties based on the repeat violent offender specification after the court severed the fact finding portions of R.C.2929.14(D)(2)(b) and 2929.14(D)(3)(b). State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 99. After the severance, judicial fact finding is not required before imposition of additional penalties for a repeat violent offender specification.
 {¶ 34} We are bound to follow the Supreme Court of Ohio's decision inFoster and we have no authority to overrule or modify it. State v.Bruce, Hamilton App. No. C-060456, 2007-Ohio-175, at ¶ 6; State v.Houston, Franklin App. No. 06AP-662, 2007-Ohio-423, at ¶ 4. Appellant's fourth assignment of error is overruled.
 {¶ 35} Having overruled appellant's four assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
SADLER, P.J., and FRENCH, J., concur.
[1] Pursuant to the plea agreement, the trial court dismissed the count of having a weapon while under disability. *Page 1