OPINION *Page 2 
{¶ 1} Defendant-appellant Anthony R. Cochran ("Cochran") brings this appeal from the judgment of the Court of Common Pleas of Marion County denying his motion to suppress.
 {¶ 2} On August 24, 2006, Cochran was a passenger in a vehicle driven by Bryan Banks ("Banks"). Officer Charlie Lantz ("Lantz") stopped the vehicle for an improper lane change after observing the vehicle near a suspected drug house. Lantz obtained identification from Banks and Cochran and determined there were no outstanding warrants. During the stop, Lantz observed Banks fidgeting around the center console. Lantz then obtained permission from Banks to search the vehicle and permission from both Banks and Cochran to perform a Terry frisk for weapons. While searching Cochran, Lantz felt what he recognized to be crack cocaine in Cochran's pocket. Cochran refused Lantz's request for permission to remove the item from the pocket. Lantz then placed Cochran under "investigative detention", handcuffed him, and searched his pockets. Lantz removed three baggies from Cochran's pockets: one was empty, one contained white powder residue, and the third contained two pieces of crack cocaine.[1] Cochran was then placed under arrest for possession of crack cocaine. *Page 3 
 {¶ 3} On September 9, 2006, the grand jury indicted Cochran on one count of possession of crack cocaine in violation of R.C.2925.11(A)/(C)(4)(a), a felony of the fifth degree. Cochran filed a motion to suppress the crack cocaine on November 7, 2006, alleging that the officer lacked probable cause for the search. A hearing was held on the motion on November 16, 2006. On November 17, 2006, the trial court denied the motion. A trial was held on the charge on December 4, 2006, and Cochran was found guilty. On December 21, 2006, Cochran was sentenced to twelve months in prison. Cochran appeals the judgment of the court denying the motion to suppress and raises the following assignments of error.
 The trial court erred when it denied [Cochran's] motion to suppress because this denial allowed the admittance of evidence obtained in violation of the legal standards governing a Terry stop.
 The trial court erred when it denied [Cochran's] motion to suppress because this denial led to the admittance of evidence obtained in violation of the legal standards governing a Terry frisk.
 {¶ 4} In the first assignment of error, Cochran claims that the trial court erred in denying the motion to suppress because the officer continued the stop longer than was necessary. The stop was a traffic stop for an improper lane change and failure to have a front license plate. Tr. 5. Additionally, the officer indicated that he was going to stop the vehicle because he saw it near a suspected *Page 4 
drug house. The officer obtained the identification of both the driver and Cochran. After checking for outstanding warrants and finding none, the officer continued the stop by deciding to search the vehicle. He obtained the permission of the driver to search the vehicle and required Cochran to exit the vehicle and to submit to a Terry search for weapons. Tr. 6. While Cochran got upset at the request to be searched, he gave consent. Id. The officer then determined that Cochran was belligerent, had "an attitude", and "appeared intoxicated because [he] smelled alcohol on [Cochran]. Tr. 9. Further, while the officer decided to arrest Cochran for disorderly conduct while intoxicated, this court notes that the officer did not tell Cochran that he was under arrest, but proceeded to handcuff Cochran and notify him that he was under "investigative detention." Tr. 10. The officer then pulled the bag of drugs out of Cochran's pocket. Tr. 10-11.
 {¶ 5} Although there is a question as to whether the officer had a good reason for continuing the stop after the initial traffic violation had been resolved and determining that neither the driver nor Cochran had any outstanding warrants, this court does not reach this issue because it was not raised to the trial court. "It is well settled that a litigant's failure to raise an issue before the trial court waives the litigant's right to raise that issue on appeal." State v. England, 10th Dist. No. 05AP-793, 2006-Ohio-5087, ¶ 13 (quotingGentile v. Ristas, 160 Ohio App.3d 765, 2005-Ohio-2197,828 N.E.2d 1021). During the hearing on the motion to *Page 5 
suppress, Cochran did not question the reasonableness of the officer's continued investigation beyond the initial traffic stop. Thus, this court need not address it for the first time on the appeal. The first assignment of error is overruled.
 {¶ 6} Next, Cochran claims the Terry frisk was improper because the consent was not voluntary and because consent was withdrawn prior to the removal of the baggies. A review of the record indicates that the officer testified he asked Cochran if he could search him for weapons and that Cochran agreed. During the pat down search, Cochran attemped to impede the officer from checking his front pocket. Eventually, the officer was able to pat down the pocket and felt the baggies containing the crack cocaine. At no time during the pat down search did Cochran verbally withdraw his consent. Having felt the drugs, the officer asked to remove the baggies and consent was denied. However, the officer had already identified the item felt as drugs and proceeded to remove the items. Under the "plain feel doctrine," the officer is permitted to remove any contraband identified during the Terry frisk for weapons.Minnesota v. Dickerson (1993), 508 U.S. 366, 113 S.Ct. 2130,124 L.Ed.2d 334. By the time Cochran attempted to withdraw consent for the search, the officer had already identified the contraband and could seize the items without a warrant.
 {¶ 7} Additionally, Cochran did not make an argument at the suppression hearing that his consent to search was involuntary. As discussed above, the issue *Page 6 
of voluntariness cannot be addressed for the first time on appeal. Thus, the trial court did not err in presuming that the consent given was voluntary and finding that the search did not violate the constitution. The second assignment of error is overruled.
 {¶ 8} The judgment of the Court of Common Pleas of Marion County is affirmed.
Judgment affirmed.
 SHAW and PRESTON, JJ., concur.
[1] One piece was larger than the top of a pen and the other was approximately half of that size. *Page 1