[Cite as *State v. Underdown*, 2018-Ohio-3391.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                           :

              Plaintiff-Appellee,          :

                                Nos.  18AP-37
                        (C.P.C. No. 96CR-5999)

v.                                                      :          and  18AP-38
                        (C.P.C. No. 05CR-5920)

Anthony E. Underdown,                    :

              Defendant-Appellant.       :          (REGULAR CALENDAR)

D E C I S I O N

Rendered on August 23, 2018

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Sheryl L. Prichard,* for appellee.

**On brief:** *Anthony E. Underdown,* pro se.

APPEALS from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Anthony E. Underdown, pro se appeals from the decision of the Franklin County Court of Common Pleas denying his postconviction motion arguing that a repeat violent offender specification ("RVOS") rendered his sentence void. For the following reasons, we affirm the decision of the trial court.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

{¶ 2} On April 21, 1998, Underdown pled guilty to one count of involuntary manslaughter, in violation of R.C. 2903.04. The trial court sentenced him to a prison term of four years. (Apr. 22, 1998 Jgmt. Entry, Franklin C.P. No. 96CR-5999.)

{¶ 3} On September 6, 2005, a five-count indictment charged Underdown with the following offenses: aggravated murder under R.C. 2903.01; murder in violation of R.C. 2903.02; attempted murder in violation of R.C. 2923.02 and 2903.02; felonious assault in violation of R.C. 2903.11; and having a weapon while under disability in violation of R.C.

2923.13. The first four counts each carried a RVOS, in accordance with R.C. 2941.149, arising from Underdown's 1998 conviction for involuntary manslaughter. (Sept. 6, 2005 Indictment.)

{¶ 4} A jury found Underdown not guilty of aggravated murder and attempted murder, but guilty of felonious assault. The jury could not reach a verdict on the murder charge. (May 31, 2006 Jgmt. Entry.) Underdown subsequently pled guilty to the lesser-included offense of voluntary manslaughter under R.C. 2903.03, as well as the RVOS for that count. The charge of having a weapon while under disability was dismissed. (Mar. 14, 2006 Entry of Guilty Plea.) He was tried by a jury on the remainder of the charges. The trial court sentenced Underdown to a ten year prison term for the voluntary manslaughter charge, a six year term for the felonious assault charge, and an additional four year term for the RVOS. (May 31, 2006 Jgmt. Entry.) Underdown's convictions were affirmed on appeal. *State v. Underdown*, 10th Dist. No. 06AP-676, 2007-Ohio-1814.

{¶ 5} On October 25, 2017, Underdown filed a motion in each criminal case captioned "Motion to Vacate Void Sentence," in which he alleged that the trial court failed to consider each charge "separately" when passing sentence in the 2006 case. According to Underdown, the trial court failed to "address" each charge and its RVOS "separately," and, by doing so, "created a blanket or lump sentence concerning th[e] two RVO specifications." (Oct. 25, 2017 Mot. at 6.) The trial court summarily denied the motion on December 18, 2017.[1] Underdown appealed and asserts two assignments of error:

> [I.] THE TRIAL COURT ERRED WHEN IN IMPOSING AN ADDITIONAL FOUR YEAR SENTENCE FOR A REPEAT VIOLENT OFFENDER SPECIFICATION VIOLATING THE APPELLANT'S DUE PROCESS AND EQUAL PROTECTION UNDER THE U.S. AND OHIO CONSTITUTION.
>
> [II.] THE TRIAL COURT LACKS JURISDICTION TO RESENTENCE THE APPELLANT TO A REPEAT VIOLENT OFFENDER SPECIFICATION WHEN THE PRISON TERM FOR THE UNDERLYING OFFENSE HAS BEEN COMPLETED THUS VIOLATES THE APPELLANT'S DUE

---

[1] Underdown filed the same motion and accompanying memorandum on the dockets of both his criminal cases, although they only challenge the sentence imposed in Franklin C.P. No. 05CR-5920. To add to the confusion, the trial court's decision and entry denying the motion was only filed in Franklin C.P. No. 96CR-5999. Underdown filed a notice of appeal in both cases.

PROCESS AND DOUBLE JEOPARDY RIGHTS UNDER THE
U.S. AND OHIO CONSTITUTION.

## II. STANDARD OF REVIEW

{¶ 6}  Based on its timing, the arguments it raises, and the relief sought, Underdown's motion meets the definition of a petition for postconviction relief under R.C. 2953.21(A)(1). *State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997) (construing a "Motion to Correct or Vacate a Sentence" as a motion filed under R.C. 2953.21(A)(1) because "despite its caption, [it] meets the definition of a motion for postconviction relief"). R.C. 2953.21(A)(1) states, in pertinent part, that:

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

{¶ 7}  An abuse of discretion standard applies to appellate review of a decision to grant or deny a petition for postconviction relief. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 49.

## III. ANALYSIS

{¶ 8}  For several reasons, the trial court did not abuse its discretion when denying Underdown's petition. First, the petition was untimely. The postconviction relief statute allows only a limited time to file a petition for postconviction relief, which "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction" challenged by the petition. R.C. 2953.21(A)(2). Because "a court may not entertain a petition filed after the expiration of" that time period, the restriction is jurisdictional. R.C. 2953.23(A); *State v. Hairston*, 10th Dist. No. 13AP-225, 2013-Ohio-3834, ¶ 6.

{¶ 9}  There are only two exceptions under which a court may hear an untimely petition. Under the first exception, the petitioner must show that he "was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief," and that evidence clearly and convincingly shows that he would not have been found

guilty but for the constitutional error that occurred at trial. R.C. 2953.23(A)(1). Under the second exception, DNA testing results must "establish, by clear and convincing evidence" the petitioner's "actual innocence" of the felony for which he was convicted. R.C. 2953.23(A)(2).

{¶ 10} Here, the trial transcript in the direct appeal of Underdown's 2006 conviction was filed in this court on August 14, 2006. Underdown did not file the petition for postconviction relief until over 10 years later, on October 25, 2017. The date of filing far exceeded the 365-day limit under R.C. 2953.21(A)(2). Furthermore, Underdown does not provide any explanation for the delay to show that either of the two exceptions under R.C. 2953.23(A) for an untimely petition to excuse the delay. The untimeliness of the filing alone was reason enough for the trial court to deny the petition.

{¶ 11} Second, res judicata applies to Underdown's challenge to the sentence he received. The Supreme Court of Ohio has repeatedly affirmed the following:

> " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an app*eal from that judgment.' "

(Emphasis sic.) *State v. Davis*, 139 Ohio St.3d 122, 2014-Ohio-1615, ¶ 28, quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996), quoting *State v. Perry*, 10 Ohio St.2d 175 (1967)

{¶ 12} Underdown's challenge to the imposition of a repeat violent offender specification could have been raised during the direct appeal of his 2006 conviction. In fact, he did challenge the imposition of the RVOS in his direct appeal, although on different grounds. *See Underdown* at ¶ 33-34. Thus, principles of res judicata also support the trial court's denial of Underdown's motion.

{¶ 13} Third, even if res judicata did not bar Underdown from challenging his sentence, the argument he presents is without merit. R.C. 2929.14(B)(2)(a) lists the conditions that must be satisfied before a court may impose an RVOS. Relevant here is R.C. 2929.14(B)(2)(a)(iii), which allows an RVOS if "[t]he court imposes the longest prison term for the offense that is not life imprisonment without parole." Here, the trial court imposed the longest prison term available for the first-degree felony of voluntary manslaughter at

the time of sentencing: ten years under R.C. 2929.14(A)(1).[2] Thus, the RVOS of four years is a valid sentence enhancement because it is based on a maximum sentence for the underlying offense.

{¶ 14} Underdown's argument is based on the fact that the six-year sentence he received for the second degree felony of felonious assault was not the maximum possible, which was eight years under R.C. 2929.14(A)(2), and that in the judgment entry, the RVOS is listed after the felonious assault sentence.[3] (Appellant's Brief at 2.) The relevant portion of the judgment entry states:

> The Court hereby imposes the following sentence: Ten (10) years as to Count One, Six (6) years as to Count Four with an additional Four (4) years for the Repeat Violent Offender Specification all to run consecutively at the Ohio Department of Rehabilitation and Correction for a total of 20 years.

(Emphasis sic.) (May 31, 2006 Jgmt. Entry.)

{¶ 15} Contrary to Underdown's reading, the language of the entry is not "ambiguous." (Appellant's Brief at 1.) The omission of a comma or the order in which the trial court listed the sentences in the entry is immaterial. The fact is that the judgment contains an offense for which Underdown received the maximum penalty, voluntary manslaughter under R.C. 2903.03, justifying the RVOS that he also received under R.C. 2929.14(B)(2)(a)(iii). Underdown expressly pled guilty to both the offense for which he received the maximum sentence that authorized the imposition of the RVOS, voluntary manslaughter under R.C. 2903.03, and the RVOS itself. In the plea entry, the offense was described as "the lesser included offense of COUNT TWO, VOLUNTARY MANSLAUGHTER, a violation of § 2903.03, a FELONY of the FIRST degree (with RVO Spec)." The entry that he signed also contained multiple attestations of his "understanding" concerning the mandatory prison terms that would accompany the RVOS. (Mar. 14, 2006 Entry of Guilty Plea.) The trial court did not impose the specification without authorization,

---

[2] Since Underdown's sentencing, the General Assembly has amended the statute to lengthen the maximum prison term for a first degree felony to 11 years. 2011 Am.Sub.H.B. No. 86, 129 Ohio Laws, Part I, 256.

[3] This argument actually differs from the argument Underdown presented to the trial court, which simply challenged the trial court's alleged failure to consider the sentences and the RVOS separately, resulting in the imposition of a "blanket or lump sentence." (Oct. 25, 2017 Mot. at 6.)

and his sentence is not void. Accordingly, the trial court did not err when it denied his motion.

{¶ 16} For the foregoing reasons, the two assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.

———————————————